## SOBEY, Admx., v. BEILER.

Judgment: RES ADJUDICATA. The judgment in an action for the possession of real estate by a grantee against one claiming to hold under an agreement for a lease with his grantor, in favor of the grantee and against the claims of the defendant under the alleged lease, will be held conclusive against the latter in an action by him against the grantor for damages growing out of the breach of the alleged agreement for a lease.

*Appeal from District Court of Dubuque County.*

MONDAY, DECEMBER 20.

THE plaintiff, in an amended petition, avers that her intestate, John Sobey, on the first day of February, 1864, leased of the defendant, John Beiler, his farm, in Dubuque county, for one year, and entered into possession thereof; that, in August, 1864, her said intestate agreed with the defendant to lease from him his said farm for another year from the expiration of said first lease, to wit, February, 1865, and that he remained on said farm and made arrangements to work and carry on the same for the second year. That, about the last of February, 1865, the defendant sold and conveyed said farm, by deed of general warranty, to one Edward Chapman; that defendant refused to execute a written lease to said John Sobey for the second year, and falsely and fraudulently denied the leasing to said Sobey, and induced Chapman to bring a summary action, before a justice of the peace, for possession of said farm, and, at the trial, voluntarily appeared and falsely and fraudulently gave his testimony as a witness for said Chapman, and denied, on oath, that he leased said farm to said Sobey for said term, verbally or otherwise; and, in consequence of said defendant's action and testimony, the said Sobey was turned out of possession of said farm, etc., to his great damage, etc.

To this petition, as thus amended, the defendant demurred, because: 1st. Plaintiff's remedy for the erroneous decision of the justice was by appeal, and defendant could not be made responsible for it; 2d. Defendant could not be made liable in a civil action for false swearing, nor for inducing a successful suit; 3d. The defendant had a legal right to assist his grantee in recovering possession of the property conveyed; and 4th. The judg-

ment of the justice of the peace in the action by Chapman against Sobey, for the possession of the farm, was conclusive against Sobey's right to the possession under his alleged lease. This demurrer was sustained by the District Court, and plaintiff appeals.

*Wilson & Doud* for the appellant.

*Griffith & Knight* for the appellee.

COLE, J.—If the plaintiff's intestate had the agreement for a lease the second year, as alleged in the petition, it was both his duty and privilege to avail himself of it in his defense to the summary action by Chapman for the recovery of the possession of the farm. The defendant, who was Sobey's alleged lessor, had notice of the pendency of that action, and was present at the trial of it. Having such notice, the judgment in the action would, under a well-settled rule, be conclusive as against him, in any suit by either his grantee or lessee, in respect of any covenants or agreements of his connected with the lands. And since they or either of them might use the judgment to conclude him, the principle of mutuality would authorize him to use it against either of them. He was a privy in estate to Sobey, his lessee, and if his lessee had been disturbed in his quiet enjoyment by a successful action at the instance of the owner of a paramount title, of which action Beiler had notice, the judgment of eviction would have been conclusive upon Beiler in favor of Sobey. But the judgment in favor of Chapman against Sobey, not only proves the eviction, but it also proves that Sobey had no lease, such as is claimed in this action, for if he had, he could have successfully defended Chapman's action for possession. The judgment is therefore conclusive against the plaintiff's right of action.

Affirmed.