WOODIN *et al.* v. CLEMONS *et al.*

1. Former adjudication: FINDINGS OF JUDGMENT. The judgment in an
action to recover the possession of three several tracts of land
claimed by the plaintiff under a tax deed therefor was in substan-
tially the following form: And now this case coming on, etc., the
court finds that the plaintiff is the owner in fee simple and entitled
to the immediate possession of, etc. (describing one of the tracts),
and that the defendant is the owner in fee simple and entitled to the
immediate possession of, etc. (describing the two other tracts). It is,
therefore, considered and adjudged by the court that the plaintiff
have and recover of and from the defendant the said, etc. (describing
the tract first mentioned), and that a writ issue in proper form to
remove said defendant from said real estate and place therein said
plaintiff, and that the costs of this suit be paid one-third by defend-
ants and two-thirds by plaintiff. In a subsequent action by plain-
tiff to recover the two tracts referred to in the judgment as
belonging to defendant, and the defendant interposing the
plea of former adjudication, it was urged by plaintiff that the
finding of the court, as recited in the judgment, that the two
tracts in controversy belonged to defendant, amounted to no
more than the verdict of a jury upon which no judgment had
been rendered, and that to constitute it a former adjudication, and
thereby estop plaintiff from proceeding in the present case, there
should have been a judgment upon such finding, that, as to the
tracts in question, " the defendants go hence without day."
*Held*, that under our laws this was not essential, and that the find-
ing, as it stood, operated as a final adjudication in favor of defend-
ant as to the said tracts in controversy.

2. —— PRIVIES IN INTEREST. Privies in interest and those purchas-
ing real estate *pendente lite* are bound by the judgment rendered
therein.

*Appeal from Keokuk District Court.*

THURSDAY, JULY 27.

ACTION to recover possession of certain real property
described in plaintiff's petition.   The answer contains,
first, a general denial; second, a former adjudication, for
that, at the October term, 1869, of the district court, in

said county, in a suit wherein S. N. Merriam was plaintiff, and Willis Clemons *et al.* were defendants, this cause of action was adjudicated, and the title to the land found to be in Ezra C. Clemons, who has conveyed the same to Cynthia A. Clemons, and she to the defendant Pierson, and that Pierson is now the owner and entitled to the possession; third, that plaintiff's title to the land is derived from a tax sale, and is defective, because no tax was due, no levy made, no sale had, no warrant issued, no order from supervisors to collect, collusion between bidders and treasurer, inadequacy of price, and because the lands were sold in bulk. The cause was tried by the court, without a jury, who made the following finding of facts:

" Be it remembered that on the trial of this cause, which was tried, by consent of parties, before the court, without the intervention of a jury, on the 7th day of said term, the same being the 13th day of February, 1871, the plaintiffs appearing by their attorney, G. D. Woodin, and the defendants by their attorneys, Mackey & Fonda, the court found the following facts to be proven, to wit:

" 1. The plaintiffs' claim to the land in suit rests wholly upon a tax deed by the treasurer of Keokuk county, to plaintiff, S. N. Merriam, duly executed and acknowledged, and regular in form in all respects, which bears date July 23, 1868, and was filed in the office of the recorder of said county for record July 6, 1870, and duly recorded in the records of deeds therein, July 6, 1870, and shows that the said lands were sold October 3, 1864, for the taxes of 1856, '59, '60, '61, '62 and '63, to W. D. Merriam, and that he had sold all his interest in said land November 23, 1864, to S. N. Merriam.

" 2. The said S. N. Merriam conveyed, November 18, 1870, by quitclaim deed, the undivided half of said land to plaintiff, G. D. Woodin.

" 3. The original title to this land, derived from the United States was, March 27, 1861, in the defendant,

Willis Clemons, and has been since conveyed by warranty deeds as follows, to wit: March 27, 1861, by Willis Clemons to Ezra C. Clemons; January 1, 1869, by Ezra C. Clemons to Cynthia Ann Clemons; November 14, 1870, by Cynthia Ann Clemons to defendant, H. C. Pierson. The deed from Ezra C. to Cynthia Ann, although bearing date January 1, 1869, was not recorded till July 21, 1870. There is no evidence as to when it was delivered.

"4. September 24, 1868, the plaintiff, S. N. Merriam, filed his petition in this court against Willis Clemons, defendant herein, claiming to be the owner in fee, and entitled to the immediate possession of the said lands now claimed, together with a certain other tract also included in said tax deed, and described in the judgment hereinafter set forth.

"5. October 6, 1868, the said Willis Clemons filed his answer to said petition, being simply a general denial.

"6. February 3, 1869, Ezra Clemons, who had become a party defendant to said cause, filed his answer to said petition, containing: 1st, a general denial; 2d, an averment that he was the owner in fee of all said lands; 3d, by way of equitable defense, as it was stated, setting forth to him the conveyance by Willis Clemons, as hereinbefore stated, and that he was still the owner. That November 5, 1860, the said land was sold for taxes to W. D. Merriam and A. S. Alexander; that about the year 1863 or 1864, they received treasurer's deeds therefor; that said sale and deeds were void, for the reason that the land had been sold in mass; that on the 4th day of October, 1864, the said land was sold again for taxes to W. D. Merriam; that January 8, 1866, said defendant, for the purpose of paying the said parties all the moneys they had paid for taxes on said land, paid to W. B. Merriam, brother of said W. D. Merriam, and who claimed to have control of all of said moneys that had been paid by all of said persons for

taxes on said land, the sum of $342.50, which was the entire amount of all delinquent taxes against said land, which should have been paid by said defendant, and that the same was paid to the said W. B. Merriam in full of all taxes due up to January 8, 1866; that said tax deed to S. N. Merriam shows that it was based upon the sale to W. D. Merriam of October 4, 1864, for delinquent taxes of 1859, 1860, 1861, 1862, and 1863, which were included in the redemption of January 8, 1866; that said S. N. Merriam took said deed, knowing said W. B. Merriam had received the redemption money from said sale as his agent, and averring that said deed is therefore void, and setting forth, further, as an equitable defense, that he was informed that plaintiff predicated his claim to said land on a treasurer's deed, based on a sale for taxes of 1859, 1860, 1861, 1862 and 1863. That the land was never sold for the taxes of said years; that the same was never listed for taxation, and was not delinquent for any of said years; that there never was any publication of said lands as being delinquent for either of said years; that the treasurer of Keokuk county never had any warrant for the collection of any of the taxes for either of said years; that there was no deed made by the treasurer of said county for the sale of said land for said years; that the treasurer of said county never attempted, for either of said years, to collect any tax against the persons in whose name the land was assessed, by distress and sale of personal property; that said land was never entered in any manner on the delinquent tax-list of said county; and the said pleadings concluding with a prayer that said tax deed be set aside and be declared void, and the title to the land be fully established in defendant; and for such other and further relief as equity may require. October 6, 1869, the cause was tried upon the issues thus formed, the plaintiff producing in evidence, and relying entirely upon, the same tax deed, referred to in paragraph 1 of this finding, as to

the proof of his title and right to recover said land ; and, upon such trial, the following judgment was rendered, to wit :

And now this case coming on for trial a jury is waived and trial is had by the court, and the court, after hearing the evidence and being fully advised in the premises, finds that the plaintiff, S. N. Merriam, is the owner in fee simple and entitled to immediate possession of the following described real estate in Keokuk county, State of Iowa, to wit : The west half of the west half of the north-west quarter, and the west half of the west half of the south-west quarter of section 18, township 76, range 12, and that the defendant, Ezra Clemons, is the owner in fee simple and entitled to the immediate possession of the north-west quarter of the north-east quarter and the south-west quarter of the north-east quarter of section No. 24, and the north-west quarter of the south-east quarter, and the south-west quarter of the south-east quarter of section No. 13, all in township No. 76, north of range 13 west. It is, therefore, considered and adjudged by the court that the plaintiff, S. N. Merriam, have and recover of and from the defendants, Ferdinand Clemons, Ezra Clemons and Willis Clemons, the west half of the west half of the north-west quarter and the west half of the west half of the south-west quarter of section 18, township 76, north of range 12 west, and that a writ issue in proper form to remove said defendants from possession of said real estate, and to place therein said plaintiff, and that the cost of this suit be paid, one-third thereof by defendants, and two-thirds by plaintiff."

Upon these facts the district court found the following conclusions of law :

1. " The form of the judgment entry of October 6, 1869, is sufficient to indicate that it was intended as a final adjudication on the matters between the parties as to the land now in suit, and is therefore a judgment.

2. " Defendants are not estopped by reason of the date of 'he deed from Ezra C. Clemons to Cynthia Ann Clemons from relying on the former adjudication to show that plaintiffs have no title under the tax deed as against them.

3. " The legitimate inference to be drawn from the fact that judgment was given in the former suit in plaintiffs' favor for a portion of the land claimed under the tax deed, is either that the effect of the tax deed not being recorded was not considered by the court, or that it was not held insufficient to convey title for that reason, and therefore as to the land *now* in suit, the tax title under said deed was held bad on some of the other grounds set forth in the answer; and plaintiff having submitted his tax title to the test of a judicial investigation on such other issues is now concluded by the judgment notwithstanding his deed was not recorded. The court therefore finds for the defendants, and it is adjudged that they go hence without day, and that they have and recover of plaintiff their costs herein expended, taxed at $——, and in default of payment that execution issue therefor. To which finding of facts defendants at the time excepted, and as to the conclusions of law from the facts found and the rendition of the judgment in favor of defendants, plaintiffs at the time excepted."

"E. S. SAMPSON, *Judge.*"

Plaintiffs appeal, and assign these several conclusions of law as error.

*George D. Woodin* for the appellants.

*Mackey & Fonda* for the appellees.

MILLER, J.—I. The record shows that a former action was brought by the plaintiff therein to recover two tracts of land, one of 80 acres, and one of 160 acres; that judgment was recovered for 80 acres, the court finding that the other tract of 160 acres belonged to the defendants. This action is brought to recover the latter tract.

1. FORMER ADJUDICATION: findings of judgment.

The appellants' counsel insists that the finding by the court in the former suit, that the land in controversy in this action belonged to the defendants, amounted to no more, as a former adjudication, than the verdict of a jury, and that in order to estop the plaintiff in this suit there should have been a judgment upon the finding, that, as to the land found to belong to defendants, the defendants "go hence without day."

It may be conceded that under the strict technical rules of the common law the judgment ought to have been expressed in the manner claimed by appellant, in order to amount to a judgment for the defendant for the 160 acres of land found to be his, but under our system of procedure this technical strictness, in the language of a judgment, is not essential.   By "section 3121" of the Revision, "every final adjudication of the rights of the parties in an action is a judgment," and by "section 5112," "This Code (of 1860) establishes the law of this State, respecting the subjects to which it relates, and its provisions, *and all proceedings* under it, are to be liberally construed, with a view to promote its objects, and in furtherance of justice."

Thus construing the judgment and proceedings in the former action, we concur with the learned judge of the district court that "the form of the judgment entry is sufficient to indicate that it was intended as a final adjudication on the matters between the parties as to the land" in controversy.   The plaintiff brought his action for two tracts of land, and after a trial on the merits, the court in its *final adjudication* of the matters in issue, gave judgment for plaintiff for one tract only, thus determining and adjudging that the plaintiff had no title to the other tract, but finding expressly that the defendant had the title thereto.   We are of opinion that this adjudication concluded the parties to the action as to the title and right of possession of both tracts of land at the time of its rendition.

It would scarcely be claimed that where a plaintiff, suing upon two promissory notes, recovers judgment only on one, after a full trial as to both, he could again sue on the note on which he had failed, because the judgment had omitted to express that, as to such note, " the defendant go hence without day. Such an adjudication under our liberal system would most clearly be regarded as a bar to a second action on the note on which the plaintiff failed in the first. In the case before us, it seems to be equally clear that a second action cannot be maintained to recover the same land which the plaintiff failed to recover in the former case, unless under a subsequently acquired title.

This action is based upon the same claim of title, a tax deed, as was the former, and is not based upon any title derived subsequently, so that the judgment in the former action is binding as an estoppel between the same parties or their privies.

II. Are the parties the same? In the former action S. N. Merriam was the plaintiff, since which he conveyed 2. —— privies in   by quitclaim deed the one undivided half of interest.         his claim to the plaintiff Woodin. The defendants in the former suit were Willis Clemons, the original patentee of the land, and Ezra C. Clemons, his grantee. The defendants in this suit claim title through the defendants in the prior action, the defendant Cynthia Clemons having purchased pending the former action and before judgment therein, and since conveyed to Pierson.

It is very clear, had the former action resulted in a judgment for the plaintiff for the land in dispute in this action, that Cynthia Clemons, purchasing *pendente lite*, would have been bound by such judgment, and her grantee, Pierson, would occupy no better position than would she. See Rev., § 2842 ; *Myers* v. *Johnson County*, 14 Iowa, 47. So, the plaintiff having failed as to the land in controversy, and the defendants having succeeded to the interest in the land of the defendants in the former action,

they have the same right to claim the benefits of the adjudication as could the original parties thereto. *Whitaker* v. *Johnson County*, 12 Iowa, 595, on pp. 597 and 598, and cases cited in the opinion of Mr. Justice WRIGHT. See, also, *Sobey* v. *Beiler*, 28 Iowa, 323.

The judgment of the district court is

Affirmed.