Argued 7 January, decided 1 February, 1904.

## CASEDAY v. LINDSTROM.

[75 Pac. 222.]

ESTOPPEL BY SILENCE IN COLLATERAL MATTER.

1. In an action to recover money said to have been collected by defendant as agent for plaintiff and retained without authority, defendant is not estopped from denying the receipt of the money, nor is he in any way bound, by the fact that he was present in court during the trial of another action, to which he was not a party, and remained silent when testimony was given that the money in dispute had been paid to him as now claimed.

DECREE BETWEEN THE SAME PARTIES AS RES JUDICATA.

2. Under the rule that a judgment is conclusive as to all matters there distinctly in issue, the decree of divorce between the parties hereto was a settlement of the claim now presented.

A complaint, after setting forth grounds for divorce, alleged that defendant was the owner of half of a quarter section of land, except a certain 45 acres thereof, and prayed for a divorce, for the custody of the children, that plaintiff be decreed the owner of one-third of the real estate described, and for general relief. The court found in favor of plaintiff as to the allegations of the complaint, and found that defendent had conveyed the 45 acres to a trustee, to hold 40 acres thereof to be used in maintaining and educating the minor children of the parties, and the other five acres in trust for plaintiff in fee, and that he bought the five acres for a valuable consideration. The conclusions of law were that plaintiff was entitled to a decree of divorce, the care and custody of the children, and an undivided third of certain named realty owned by defendant. *Held* that, though the decree made no reference to the 45 acres, it was an irresistible inference that the finding as to the agreement on which it had been conveyed was one which materially influenced the decree, so that such finding was conclusive in a subsequent action by defendant to recover the price of the 45 acres, on the ground of a different consideration.

From Clackamas: THOMAS A. McBRIDE, Judge.

This is an action for money by Minnie Caseday against P. A. Lindstrom. Two causes of action are stated in the complaint. The first is for money lent by plaintiff to one Grondahl, which it is alleged that defendant, as the agent of plaintiff, collected and received to her use, and refused to account therefor. By the second it is stated, in effect, that on or about October 1, 1898, while plaintiff was the wife of defendant, she sold and thereafter conveyed to defendant a certain tract of realty, consisting of 45 acres, describing it; that said conveyance was at his request first made to him in the name of the Title Guarantee & Trust Company, and by it subsequently conveyed to him, and that its market value was and is $2,250; that defendant so

acquired the property upon the agreement with plaintiff that besides the consideration named in the first convey-ance, to wit, $1,000, he would pay therefor such additional sum as would make the total consideration equal to the mar-ket value of the property. The defendant, by his answer, interposed two separate defenses, the latter of which is, in effect, that prior to October 1, 1898, plaintiff and defendant were husband and wife; that plaintiff was unfaithful to defendant, and had determined to abandon him and their minor children; that defendant instituted a suit against her for divorce, with the view, also, of determining their property rights, and that the effect of the transfer and conveyance of the said 45 acres of land mentioned in the complaint to the trust company by plaintiff was put in issue by the pleadings; that thereafter such proceedings were had therein that the court found that on October 1, 1898, the defendant therein (plaintiff here) conveyed to the trust company 45 acres of land for the purpose of holding 40 acres of the same for P. A. Lindstrom (this defendant), to be used by him in maintaining and educating the said minor children, Blanche Adeline Lindstrom and Herman Adolf Lindstrom, and five acres for himself in fee; that Lindstrom paid to defendant (plaintiff herein) a valuable consideration for said five acres of land, to wit, a span of horses and a wagon; that the conveyance was executed and delivered prior to October 4, 1898; that said 45 acres of land referred to in said findings are the same as described in the complaint, and that thereafter a decree was rendered in accordance with such findings. The reply, as a defense to the new matter contained in the answer, sets up that neither of the facts alleged in said answer to have been found as a finding of fact was in issue or material to any issue or issues in the suit mentioned, nor was either thereof included in any part of the conclusions of law made and

filed by the court, or in the decree given and rendered therein.

To support the issues thus tendered by the answer and .reply, the defendant offered in evidence the judgment roll in the suit for divorce. The complaint in that suit, after setting forth the grounds relied upon for divorce, alleges that defendant is the owner of the south half of the southwest quarter of section 23, township 1 north, range 2 east, Willamette Meridian, excepting 45 acres off the east end thereof, which excepted tract is described in a deed from the defendant to the Title Guarantee & Trust Company, stating where and when recorded. The prayer was (1) for a dissolution of the bonds of matrimony; (2) that plaintiff have the care and cutody of the minor children, naming them; (3) that he be decreed to be the owner of one-third of the real property described; and (4) that he have his costs and disbursements, and for general relief. The defendant in such suit admitted only her ownership of the realty described, and for a separate defense alleged that on or about the 21st day of September, 1898, her husband declared he would no longer cohabit with her, and that thereupon he and she, being each owners in their own right of certain real and personal property, entered into the following agreement and settlement of their property rights, viz: (1) She to relinquish all her right, title, and interest in certain lands and personal property of the plaintiff, said lands being situate in Comstock, Oregon, and at Sunnyside, in Multnomah County, of the value of $1,500; (2) also to convey to the Title Guarantee & Trust Company for her husband and the three minor children of the marriage 45 acres of land, situate in the south half of the southwest quarter of section 23, township 1 north, range 2 east, Willamette Meridian; (3) he to relinquish to his wife all title and interest in one span of horses, a wagon, harness, household furniture, and one

cow; and (4) further to institute a suit for and obtain a decree of divorce from her at his own expense, and thereafter to pay her $20 per month for six months. Her prayer was that, should the equities be found to be with the plaintiff therein, then that such agreement be respected, and that plaintiff be not decreed to have any right or interest in or to the land described in the complaint, but that in all other respects he be required to carry out said postnuptial agreement. The reply denied the new matter in the answer *in toto.*

The court made findings of fact, finding in accordance with the allegations of the complaint in every particular, and in response to the issues formulated by the answer and reply, in substance, as follows: That on or about September 21, 1898, and after plaintiff informed defendant that he intended to procure a separation from her, he consulted his attorneys with relation thereto, and was induced by them, for the sake of the children, to try to live with her; that thereupon defendant conveyed to the Title Guarantee & Trust Company 45 acres of land, the same being the 45 acres excepted from the property in the complaint described, for the purpose of holding 40 acres of the same for P. A. Lindstrom, to be used by him in maintaining and educating the said minor children, Blanche Adeline and Herman Adolf Lindstrom, and five acres of the same in trust for P. A. Lindstrom in fee; that Lindstrom paid to defendant a valuable consideration for said five acres of land, to wit, a span of horses and wagon; and that said conveyance was made, executed, and delivered prior to the 4th day of October, 1898. . The conclusions of law were that plaintiff was entitled to a decree (1) dissolving the bonds of matrimony; (2) giving him the care and custody of the minor children, naming them; (3) granting him an undivided one-third interest in the land described in the complaint; and (4) awarding him the costs and dis-

bursements of the suit.  The decree follows the conclusions of law, nothing being mentioned therein with reference to the conveyance of the 45 acres of land to the trust company.  Every part of this roll was admitted, except the finding of fact with respect to the 45 acres, for the purpose of showing admissions of the plaintiff herein against her interest.  The verdict and judgment were for plaintiff, and defendant appeals.    REVERSED.

For appellant there was a brief over the names of *J. Thorburn Ross, E. B. Seabrook, Wm. A. Munly*, and *Pipes & Tifft*, with an oral argument by *Mr. Munly* and *Mr. Martin L. Pipes*.

For respondent there was a brief and an oral argument by *Mr. Harvey Cross* and *Mr. Edward Mendenhall*.

MR. JUSTICE WOLVERTON, after stating the facts in the foregoing terms, delivered the opinion of the court.

1. The first question presented relates to the first cause of action.  Grondahl gave testimony at the trial tending to show that he borrowed some money of the defendant, giving his note therefor, and that he paid it back to him, but failed to give the date of the repayment.  It was sought to establish this date by the admission of the defendant.  After submitting testimony to the effect that defendant was present in court at the trial of an action instituted by plaintiff against Grondahl for the recovery of the sum of money here sued for, and that Grondahl testified in that case, Mr. Cross was called, and permitted, over the objections of the defendant, to testify with reference to the date that Grondahl then fixed as the time when he paid the money back to the defendant; it being insisted that, as defendant did not then deny the statement of Grondahl, he is bound by it, as a tacit admission by silence when he ought to have spoken.  This was error, as the defendant could not be bound by his silence in court.  He was

not a party to that cause, and had no control or management of the case from the standpoint of either plaintiff or defendant; and it was not only not his duty to speak in refutation of what was then being given in evidence, but it was his duty, in deference to the court and the rules governing its proceedings when in the progress of a trial, not to speak in interruption thereof.

2. It is next insisted by counsel for defendant that the decree in the divorce case operates as an estoppel in bar of plaintiff's right of recovery upon the second cause of action, and that the court erred in not admitting the same for such purpose. It has become the settled rule of this court that a judgment or decree rendered upon a different claim or demand than the one being presently litigated can only operate as an estoppel against matters actually litigated or facts distinctly in issue: *Glenn* v. *Savage*, 14 Or. 567 (13 Pac. 442); *Applegate* v. *Dowell*, 15 Or. 513 (16 Pac. 651); *White* v. *Ladd*, 41 Or. 324 (93 Am. St. Rep. 732, 68 Pac. 739); *La Follett* v. *Mitchell*, 42 Or. 465 (95 Am. St. Rep. 780, 69 Pac. 916). The rule is stated thus in *Caperton* v. *Schmidt*, 26 Cal. 479 (85 Am. Dec. 187): "The matter adjudicated, to become, as a plea, a bar, or, as evidence, conclusive, must have been directly in issue, and not merely collaterally litigated. It must be a fact 'immediately found according to the pleadings, not that on which the verdict was merely based—a fact in issue, as distinct from a fact in controversy.'" Further expressions of the courts well indicate the extent as well as the limitations of the doctrine. "The rule is that the judgment of a court of competent jurisdiction is not only conclusive on all questions actually and formally litigated, but as to all questions within the issue, whether formally litigated or not": *Barrett* v. *Failing*, 8 Or. 152, 156. Such is the language of the court in *Bellinger* v. *Craigue*, 31 Barb. 534, 537. "The conclusiveness of the judgment or decree ex

tends beyond what may appear on its face—to every allegation which has been made on one side and denied on the other, and was in issue and determined in the course of the proceedings": *McCoy* v. *McCoy*, 29 W. Va. 794 (2 S. E. 809). "A fact or matter at issue is that upon which the plaintiff proceeds by his action, and which the defendant controverts in his pleadings": *Garwood* v. *Garwood*, 29 Cal. 514. This is the utterance, also, of the court in *King* v. *Chase*, 15 N. H. 9 (41 Am. Dec. 675). "It may be stated generally that the ultimate facts upon which the recovery is had—facts which, if found the other way, the recovery must have been different—are facts in issue": *Marshall* v. *Shafter*, 32 Cal. 176, 193.

In the case at bar, the fact upon which the question turns is as to the transfer or conveyance of the 45 acres of land, the alleged purchase price of which is sued for— whether such conveyance was in pursuance of a sale, as alleged in plaintiff's complaint here, or of an agreement and settlement, as set up in her answer in the divorce suit, and found by the court. All her allegations there were denied, and the pleadings unquestionably formulated issues touching the existence of such an agreement and settlement, and the terms and conditions thereof. It may be appropriately inquired, were they material and pertinent to the controversy? There were involved the respective rights of the parties in the property designated in the alleged agreement, the custody and maintenance of the minor children, the institution of the suit for divorce, the payment of the costs thereof, and a provision for alimony to the wife. These are all incident to divorce proceedings. In a proper case, all of them, with the exception of the agreement that one spouse should procure a divorce from the other, and perhaps the disposition of the costs with reference thereto, might legally have been provided for in a postnuptial contract: *Henderson* v. *Henderson*, 37

Or. 141 (60 Pac. 597, 61 Pac. 136, 48 L. R. A. 766, 82 Am. St. Rep. 741); *Ogilvie* v. *Ogilvie*, 37 Or. 171 (61 Pac. 627). The court found the true agreement to be only in part as alleged, viz., that plaintiff (defendant here) was induced to endeavor to live with his wife for the sake of their children, and that thereupon she conveyed to the Title Guarantee & Trust Company the land in question—40 acres thereof in trust for her husband, to be used by him in maintaining and educating the children, and five acres in trust for him in fee; that he paid her a valuable consideration for the five acres, namely, a span of horses and a wagon; and that said conveyance was executed prior to October 4, 1898. The decree dissolved the bonds of matrimony, and gave the plaintiff therein the custody of the children and one-third interest in the 35 acres of land owned by his wife, and his costs and disbursements. If the agreement and settlement had been as plaintiff herein alleged in her answer in the divorce suit, the court could not, and, we must assume, would not, have rendered a decree of divorce, as the contract was contrary to public policy; but the agreement as found is not subject to that objection, and the finding is such as to exclude every possible hypothesis of the sale of the tract of land herein by plaintiff to defendant for the consideration as she now alleges. The effect of the consummated agreement was to convey to defendant herein five acres of the land in fee, for a good and valuable consideration, and 40 acres to be held in trust for the care and maintenance of the children, whom the court has awarded to him—an agreement and settlement perfectly legitimate in every respect.

It is urged, however, with emphasis, that the decree rendered was not in pursuance of this particular finding, or that none was rendered upon it, and therefore that such decree cannot operate as an estoppel or bar to the present action. But was it necessary that the decree

should have been so affirmatively pronounced ?  The deed was the consummation of the agreement and settlement. It was not necessary for the court to go further and validate the instrument, nor was it necessary to declare in the decree upon what consideration it was based, although it might have been done with propriety.  It is very plain, however, that the agreement had an important bearing upon the decree that was actually rendered, and, had it not been for such an agreement and settlement as found, the decree certainly would have been materially different. For instance, the court might have required that the divorced wife make certain other provisions for the support of the children, or it might have treated the 45 acres as her property, and awarded the husband a one-third interest therein.  The agreement and settlement, therefore, was a fact in issue, and one which influenced in an appreciable manner the nature of the decree given and rendered ; and, having been once solemnly determined, it constitutes an absolute bar to plaintiff's cause of action against the defendant for the market value of the land in question.  " The estoppel," say the court in *Burlen* v. *Shannon*, 99 Mass. 200, 203 (96 Am. Dec. 733), " is not confined to the judgment, but extends to all facts involved in it as necessary steps, or the groundwork upon which it must have been founded.  It is allowable to reason back from a judgment to the basis on which it stands, 'upon the obvious principle that, where a conclusion is indisputable, and could have been drawn only from certain premises, the premises are equally indisputable with the conclusion.' But such an inference must be inevitable, or it cannot be drawn."  The inference in the case at bar is one that follows naturally and irresistibly from the facts as they have been established.  In further support of the principle, see *Redden* v. *Metzger*, 46 Kan. 285 (26 Pac. 689, 26 Am. St. Rep. 97); *Woodin* v. *Clemons*, 32 Iowa, 280 ; *Bissell* v. *Kel-*

*logg*, 60 Barb. 617 ; *Last Chance Min. Co.* v. *Tyler Min. Co.* 157 U. S. 683 (15 Sup. Ct. 733); *Blackinton* v. *Blackinton*, 113 Mass. 231 ; *Town of Fulton* v. *Pomeroy*, 111 Wis. 663 (87 N. W. 831).

Nor does the circumstance that only two of the children are named in the decree alter the case. Manifestly, there is a clerical error in the entry. But the consideration for the conveyance appears, and it is not the consideration now claimed for the recovery of which this action was instituted, so that the plaintiff is now precluded to claim otherwise.

Based upon these considerations, the judgment of the trial court will be reversed, and the cause remanded for such further proceedings as may be deemed appropriate.

REVERSED.