# THE SUPREME COURT

OF

# OREGON.

## OCTOBER TERM, 1886.

[Filed October 11, 1886.]

## THE NORTH PACIFIC LUMBERING AND MANUFACTURING CO. *v.* EAST PORTLAND.

MUNICIPAL CORPORATIONS—IMPROVEMENT OF STREETS.—POWERS OF COMMON COUNCIL OF EAST PORTLAND.—The Common Council of the City of East Portland has no arbitrary power to order the improvement of a street. It can do so only upon the implied assent of a majority of the lot owners whose lots abut upon the part of the street to be improved. Its authority in that particular is specifically pointed out in its charter, and it can make no contract for the improvement, except in the manner indicated.

SAME—POWER TO CONTRACT—GENERAL LIABILITY—WHEN ATTACHES FOR STREET IMPROVEMENT—ACTION AGAINST THE CITY.—Upon a contract for the improvement of a street, the city does not and has no power to undertake to pay the contract price out of the general funds of the city. But it does undertake to perform all the acts required by the charter to supply the requisite special fund to defray the cost of the improvement. And a failure to comply with any of the requirements of the charter by which the fund may be realized, will subject the city to a general liability upon which an action will lie for the contract price.

SAME—MODIFICATION OF CONTRACT—PLEADING.—When the city has entered into a valid contract for the improvement of a street, such contract cannot subsequently be modified in a material particular, any more than a new one could be made without a compliance with the charter. But where a complaint alleges such a modification, which is denied by the answer, it will be held good after verdict.

SAME—ACCEPTANCE AND APPROVAL OF WORK.—Where by the terms of the
contract a street improvement is not to be paid for until its approval
and acceptance by the common council, or other of its officers, and a pe-
riod of six months elapsed between the completion of the work and the
commencement of the action, held that it was the duty of the council eith-
er to have approved or disapproved of the work within that interval; and
having neglected to do so, it will not be heard to object that the work had
not been approved, and thereby avoid the payment of a just claim.

MULTNOMAH COUNTY.     Defendant appeals.     Affirmed.

*S. R. Harrington, H. T. Bingham, C. Taylor* and *A. R.
Coleman,* for Appellant.

*Williams & Willis,* for Respondent.

THAYER, J.—The respondent is a private corporation, and
the appellant a municipal corporation.   The former began an
action in the lower court against the latter, to recover the con-
tract price for building a certain bridge, or elevated roadway,
in said city.   The city in the outset contracted with one J. E.
Bennett to do the work, and the respondent alleged in its com-
plaint that Bennett, after furnishing materials and performing
labor, assigned his claim to the respondent; that the appellant,
the city, recognized the respondent as a party to the contract
in the place of Bennett, and that thereafter the respondent and
appellant, by mutual agreement, so modified the contract that
by the terms thereof, as so modified, the respondent was to
furnish and put into said roadway, in addition to what had at
that time been put into the same, four bents, which are de-
scribed in the complaint; and that upon the completion of the
work required by the terms of the contract, as so modified,
the appellant was to pay the respondent the sum of $5,042
therefor; and further alleged in its complaint that it had duly
performed all the conditions on its part to be performed of
said contract, as so modified, and demanded judgment against
said appellant for said sum of $5,042.

The appellant interposed an answer to the complaint, admit-
ting certain formal parts thereof; also, that it and one J. E.
Bennett entered into a contract, by the terms of which

Bennett agreed to furnish the material and perform the labor necessary for the building of the elevated roadway, according to certain plans and specifications; but denied that it agreed to pay said Bennett therefor the sum of $5,042.00 or any other sum of money, except in accordance with the provisions of a certain ordinance of the city, referred to in the answer, under which said Bennett, upon the completion of the work, and its approval and acceptance by the common council of the city, was to receive city warrants for said sum, to be raised for the payment of the improvement upon the property abutting upon the street covered by the improvement, which ordinance and agreement are set out in the answer. The appellant denied the assignment to the respondent of his claim; and denied the alleged mutual agreement between respondent and appellant, modifying the original contract with Bennett, or that it agreed to pay the respondent in consideration of any such modification the sum of $5,042.00 or other sum ; also denied that respondent performed the conditions on its part of the alleged modified contract. The appellant also set out in its answer the proceedings had under which the contract was awarded to Bennett, which appear to have been the usual mode in which contracts for improvement of streets are let in the city of East Portland, under its charter; and also set out the acts it alleged took place between the city authorities and the respondent, claimed by the latter as a modification of the Bennett contract, but which the appellant alleged was no more than an arrangement between the parties to do certain acts which were to operate as a compliance with the terms of that contract, said Bennett having utterly failed to perform it; and, especially, that it was no modification of the original contract, so far as related to the compensation and manner of payment as provided therein ; that the common council had not passed upon the improvement, or ascertained whether or not the same had been constructed according to the plans referred to, and that the appellant was not in default in the premises. The respondent filed a reply, controverting many of the allegations in the answer, and alleging matter in avoidance.

The cause was tried by jury, who returned a verdict for the amount claimed, and upon which the judgment appealed from was entered. The appellant made a motion in the circuit court for judgment, notwithstanding the verdict, which was denied; and as there is no bill of exceptions in the record, there is no other question before the court to consider than that raised by said motion.

Two important questions were discussed at the hearing. One of them was, whether the action could be maintained against the appellant, to recover the contract price for doing the work in any event; and the other one was, whether it could be maintained until the work had been approved and accepted upon the part of the appellant. The ordinary mode of improving streets in the city of East Portland, under its charter, after the publication of the notice of the intended improvement, is to ascertain and determine the probable cost of making the improvement, and assess upon each lot or part thereof, abutting upon the same, its proportionate share of such cost. The board of trustees is then required to declare the same by ordinance, and to direct its clerk to enter a statement thereof in the docket of city liens. From the date of such entry the sum entered is deemed a tax levied thereon, and provision is made for its collection. This seems to have been the only mode by which the expenses for the improvement of a street could be raised. The city had no arbitrary power to order the improvement of a street. It could only proceed in that direction upon the implied assent of a majority of the lot owners whose lots abutted upon the portion of the street to be improved, and its authority in that particular is specifically pointed out in its charter. It can make no contract for the improvement, except in the manner indicated. The improvement is supposed to be a benefit to the lot owners referred to, and the lots affected are charged with the cost of making it. The city occupies the relation in the proceeding more of an agent than a principal. It does not undertake to pay the contract price for making the improvement out of the general funds of the city. I do not think it has any power to enter into any such engagement for

the improvement of a street; but it does undertake to per-
form all the acts required by the charter, intended to supply
the requisite fund to defray the expense attending it. And a
failure to comply with any of the requirements of the charter
by which the fund may be realized would subject it to a gen-
eral liability. That was the case in *Frush* v. *City of East
Portland*, 6 Oregon, 281. There the city diverted a portion
of the fund from which the contractor was entitled to be paid,
and this court held that a general liability attached to the city
in consequence. In the case at bar, it was the duty of the
city, after ascertaining the probable cost of building the ele-
vated roadway, and assessing upon the lots and parts thereof
abutting upon the same their several proportionate shares of
such cost, to have issued a warrant for the enforcement of the
payment of the various shares, and have realized therefrom the
amount, or as much thereof as a sale of the various lots would
have produced, and issued to the respondent a warrant for the
payment of the contract price, upon the completion of the im-
provement upon its part, in accordance with the terms of the
contract between the parties.

The main contest at the trial of the case seems to have been,
that the action could not be maintained at all; that the re-
spondent's remedy was against the officers of the city, to com-
pel them to issue the warrant upon the special fund, in pay-
ment of the contract price for making the improvement; and
counsel for the appellant contended upon the hearing in favor
of that view, and cited authorities from other states sustaining
it; but there are other authorities that hold to the view here-
in indicated, that a general liability will attach in case the
city fails to observe the various requirements of the charter by
which the fund is realized, and this court must have adopted
that view in *Frush* v. *City of East Portland*, *supra*, and I
think we will be compelled to adhere to it. The appellant de-
nied that the respondent had performed the contract, and that
raised a material issue in the case; and, had it been main-
tained by the appellant, it would have been a complete de-
fense; but the jury seems to have determined otherwise, and

we cannot review their finding, especially when no bill of exceptions has been sent up with the record. If the respondent had performed the contract, as it alleged in its complaint that it did, then the appellant had no defense except payment or a tender of the warrants upon the special fund, and a compliance with the requirements of the charter to realize it. The appellant undertook to do that, and in default thereof the right of action accrued to the respondent.

The respondent set up in its complaint a modified contract, and counted upon such contract. I am quite certain that this would have been fatal to its recovery in the action, if it were shown by the pleadings that the original contract had been changed in any material particular, and that its performance did not amount to a performance of the original contract. Such a contract can no more be modified by changing a material part of the original, than a new one could be made without a compliance with the charter. The respondent's attorneys apparently tried to plead themselves out of court, but the attorneys for the appellant came to their rescue. They denied that the original contract had been modified, and it is impossible to determine from the pleadings that any material stipulation therein was waived or materially altered. And we must, after verdict, presume in favor of the judgment.

The second question seems to have occurred to the appellant's counsel at the hearing. It appears from the answer and exhibits that the improvement was not to be paid for by the appellant until its approval and acceptance, either by the board of trustees or by other of its officers ; and this is not denied in the reply, but it is alleged in the reply " that said roadway or structure was completed by the plaintiff (respondent) in accordance with the terms of said modified contract, on or before the 15th day of August, 1884, at which time and ever since the defendant (appellant) and its common council had due notice and full knowledge of such completion, and that it was at the time of its completion, ever since had been, and still was, a better, stronger and more substantial structure than that provided for or contemplated by the original con-

tract, or than it would have been if it had been completed in accordance with the terms of said original contract only." If this is true, and we must intend it under the circumstances of the case, and the original contract was not departed from, it was the duty of the city authorities to accept the work within a reasonable time after its completion. The action appears to have been commenced on the 26th day of September, 1884, and the work is alleged to have been completed on the 15th day of August, same year. It was the duty of the common council to have approved or disapproved of it during that interval. I think there must be a distinction between a contract in which the work is not to be paid for until a certificate is produced from some third person, showing that it has been performed in accordance with the provisions of the contract, and one in which it is to be paid for upon its approval and acceptance by the party for whom it is performed. In the former case, the production of such certificate is a condition precedent to the right to demand the payment, and the party seeking to enforce payment must aver and prove its performance. In the latter case, it is the duty of the party to approve and accept the work, if performed substantially as required by the contract, for certainly the law will not permit such party to capriciously withhold his approval in such case, and thereby avoid the payment of a just claim. The common council of the city had entire management of this affair; it was the main organ through which the appellant acted; and its acts and omissions, committed within the limits of its duty, were the acts and omissions of the appellant. What the real facts were in this case, this court, as before intimated, has no means of ascertaining. It has before it the pleadings, verdict of the jury, and judgment only, and it cannot look beyond them in determining the questions arising upon the appeal. The law requires an appellate court in such cases to give every reasonable intendment in favor of the judgment. Every material allegation in the respondent's pleadings must be presumed to have been established by the testimony at the trial, and only in case that would not entitle the respondent to the judgment,

have we the right to disturb it. I am unable to discover any such defect in the pleadings of the case as would justify an arrest of the judgment.

LORD, J.—If several of the propositions of law discussed were available on this record, I should be for a reversal. But as the case stands, I do not see how I can do otherwise than concur in the result reached.

STRAHAN, J., did not sit in this case.