Argued Feb. 14, decided Feb. 28; rehearing denied June 13, 1911.

## O'NEIL v. CITY OF PORTLAND.

[113 Pac. 655.]

MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—CONTRACTS—SPECIAL FUNDS.

1. Where the expense of improving a city street is to be paid from a special fund created by assessment on abutting property, a failure of the municipality to comply with any of the requirements in the charter, essential to supplying such fund or an unreasonable delay in enforcing such provision or collecting and paying over the money, gives the contractor a right of action ex delicto against the corporation for damages, notwithstanding a provision therein that he shall look for payment only to the special fund.

MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—SPECIAL FUNDS.

2. A complaint of a plaintiff who had a contract with a city to improve certain streets, to be paid from assessments collected, alleging that owing to the negligence of the city in making an assessment, and its failure to exercise due diligence in prosecuting suits brought by property owners affected, whereby it has already failed to provide a special fund to pay for the improvement for nearly five years, whereby plaintiff has been damaged, states a cause of action.

From Multnomah: EARL C. BRONAUGH, Judge.

Statement by MR. JUSTICE BEAN.

This is an action by J. R. O'Neil against the City of Portland to recover damages, alleged to have been sustained by reason of the nonpayment of certain warrants issued by defendant city to the United States National Bank, or order, pursuant to plaintiff's direction, upon a special fund to be raised by the levy and collection of assessment upon the real property affected by the improvement of Goldsmith Street, from Albina Avenue to Russell Street. The contract, dated February 10, 1904, under which it is alleged the work was performed and

accepted by the city, refers to the material provisions of the city ordinance, authorizing the street improvement, and is fully set out in the complaint. The complaint also contains copies of the several warrants, some of which are dated September 19, 1904, and the remainder October 20, 1904, amounting in the aggregate to $7,171.73, the general form of which warrants is as follows:

"No. 19,910.          Portland, Or., Sept. 19, 1904.
"To the Treasurer of the City of Portland:
"Pay to the U. S. National Bank or order seven hundred thirty-seven and 77-100 dollars out of that particular portion of the fund for the improvement of Goldsmith Street from Albina Avenue to Russell Street, Weinhard Tract No. 10, assessed against the property liable to assessment for the work for which this warrant is issued.
"$737.77.                    "Geo. H. Williams, Mayor.
"Attest: Thos. C. Devlin, Auditor of the City of Portland.
"By S. Grutze, Deputy."

The warrants were indorsed to plaintiff, who is and has been the owner and holder thereof for more than four years prior to July 7, 1909, the date on which the complaint was filed. By the terms of the contract, and the charter and ordinance of the city of Portland, made a part of same, it was the duty of defendant to provide the special fund for paying the warrants. On August 18, 1904, and November 18, 1905, respectively, the city passed ordinances, making an assessment and re-assessment for the improvement of Goldsmith Street, and attempted to provide a special fund for the payment of the warrants, but such ordinances have been adjudged wholly void. By reason of the city's negligence in not enacting a valid ordinance and making such assessment, and not exercising due diligence in prosecuting to speedy conclusion the suits involving the validity of the assessments, defendant has wholly failed to provide said special fund, although nearly five years have elapsed since the

warrants were issued; no part thereof has been paid, and plaintiff has thereby been damaged in the sum of $7,171.73, the amount of said warrants, and interest thereon. The contract was upon the condition that the contractor should look alone for payment for material and work to the fund to be assessed upon the property liable to pay for such improvement and paid into the city treasury for that purpose.

In the presentation of his claim, plaintiff has complied with Section 9 of the city charter. Defendant filed a demurrer to the amended complaint. The circuit court sustained the demurrer and dismissed the action, from which judgment plaintiff appeals.        REVERSED.

For appellant there was a brief and an oral argument by *Mr. Robert J. O'Neil.*

For respondent there was a brief over the names of *Mr. Frank S. Grant,* city attorney, and *Mr. John P. Kavanaugh,* with an oral argument by *Mr. Grant.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. The only question presented in this case is the ruling of the circuit court upon the demurrer. The contention of plaintiff is that the city, for nearly five years, has failed to comply with the essential requirements of its charter; has not exercised due diligence in the matter, and has negligently failed to provide the special fund for the payment of plaintiff's warrants; that there has been in this respect an unreasonable delay on the part of defendant, and that it is responsible in damages. Counsel for defendant, in upholding the contention that plaintiff's amended complaint does not state facts sufficient to constitute a cause of action, maintains that the complaint should show that the city is making no effort to supply the fund, and that as long as its right of continuous re-assessment remains it cannot be held liable for failure to create such fund. Portland's charter of

1903, § 421, provides that the city shall not be held liable for any portion of the expense of any street improvement assessed upon the property benefited thereby, by reason of the inability of the city to collect assessments levied for the payment thereof, but the contractors doing such work shall be required to rely solely upon the fund accruing from the property benefited, assessed, and liable thereunder, and shall not compel the city to pay the same out of any other fund, except in cases where for any reason such assessment shall be invalid.

In this State it is now the settled law that where the expense of improving a city street is to be paid from a special fund, created by assessment on abutting property, a failure of the municipality to comply with any of the requirements of the charter essential to supplying such fund, or an unreasonable delay in enforcing such provision, or collecting and paying over the money, gives the contractor a right of action *ex delicto* against the corporation for damages, in which he is entitled to recover the amount due under the contract with interest, notwithstanding a provision therein that he shall look for payment only to the special fund, and will not require the municipality by any legal process or otherwise, to pay the same out of any other fund: *Northern Pac. Lumber Co.* v. *East Portland,* 14 Or. 3, 8 (12 Pac. 4) ; *Portland L. & M. Co.* v. *City of East Portland,* 18 Or. 21 (22 Pac. 536: 6 L. R. A. 290) ; *Commercial National Bank* v. *Portland,* 24 Or. 188 (33 Pac. 532: 41 Am. St. Rep. 854) ; *Little* v. *City of Portland,* 26 Or. 235 (37 Pac. 911) ; *Jones* v. *City of Portland,* 35 Or. 512 (58 Pac. 657).

2. This case is almost identical with that of the *Commercial National Bank* v. *City of Portland,* 24 Or. 188 (33 Pac. 532: 41 Am. St. Rep. 854). We think it a sufficient answer to the claim of defendant to say that the record here does not show that defendant is making any effort to supply a fund for the cancellation of this

indebtedness, and the allegation in the complaint, that the city has passed two ordinances, the latter on November 18, 1905, in the attempt to procure such a special fund, falls far short in this respect. On the other hand, it is asserted by plaintiff that defendant has not been duly diligent; that the time elapsing between the completion and acceptance of the work and the issuance of the warrants and the date on which this action was commenced, July 7, 1909, amounts to an unreasonable delay, without explanation or excuse, on the part of the city.

In *Northern Pacific Lumber Co.* v. *East Portland,* 14 Or. 3, 8 (12 Pac. 4), where the work was completed August 15, 1884, and, before its acceptance, action was commenced, September 26th of the same year, it was held that it was the duty of the common council to have approved or disapproved thereof during the intervening time; that the law will not permit the capricious withholding of approval in order to avoid the payment of a just claim. As applied to the contract between plaintiff and defendant it is within the contemplation of the law that, in procuring the funds with which to meet the obligation incurred, pursuant to the city charter, ordinance, and the agreement set out and referred to in plaintiff's complaint, the city must exercise reasonable diligence in making the assessment and collecting the same, in order to prevent liability attaching for the liquidation of the debt out of other funds. In effect if the defendant has not been negligent, and has tolerated no unreasonable delay in proceeding in the matter, it is not liable for damages. Under its charter the city had full control of the proceedings to be taken for securing the fund; not the plaintiff, who when he had finished the labor in accordance with his contract, and the same had been accepted, had done all that was required of him: *Jones* v. *City of Portland,* 35 Or. 512 (58 Pac. 657).

Plaintiff alleges, in substance, that owing to the neglect of the city to make a valid assessment, and its failure to exercise due diligence in prosecuting the suits brought by property owners affected, it has "wholly failed to provide said special fund," for nearly five years, and we think the complaint, giving it a fair construction, clearly brings the case within the provisions of the law as held by this court for many years (*Commercial National Bank v. Portland,* 24 Or. 188 [33 Pac. 532: 41 Am. St. Rep. 854]), and that the demurrer should have been overruled.

The judgment of the lower court is therefore reversed, and the cause remanded with directions to overrule the demurrer, and for such other proceedings as may be proper, not inconsistent with this opinion.

REVERSED.