Argued July 13, reversed September 8, rehearing denied October 8, 1914.

## CARRUTHERS *v.* ASTORIA.

(143 Pac. 899, 1106.)

ON MOTION TO DISMISS.

**Injunction—Proceedings to Procure—Parties.**

1. In a suit to enjoin the enforcement of an ordinance authorizing payment of warrants, issued against a prospective special fund, from the general fund of a city, the warrant-holders are not necessary parties.

> [As to injunction against enforcement of void municipal ordinance, see note in 118 Am. St. Rep. 372.]

**Appeal and Error—Right to Review.**

2. In a suit to enjoin enforcement of an ordinance authorizing payment from a city general fund of warrants issued against a pros-

pective special fund, the issuance of the warrants by the city auditor after the plaintiffs had appealed from a decree for defendants does not take the subject of the suit out of the jurisdiction of the Supreme Court.

### ON THE MERITS.

**Municipal Corporations—Indebtedness—Payment—General or Special Fund.**

3. Where a city charter provides that no part of the expense of the improvement of any street shall be paid from the general fund, but the whole shall be defrayed by special assessments, the city has no power to authorize the payment of warrants against the special fund for a street improvement from the city's general fund.

[As to what is within the meaning of prohibition against municipal indebtedness, see note in 44 Am. St. Rep. 229.]

### ON PETITION FOR REHEARING.

**Municipal Corporations—Public Improvements—Liability of City.**

4. In order to relieve a contractor of the duty to carry out his contract for a public improvement and to hold the city liable for the expense of the work done on the ground that the city determined that the manner of doing the work was dangerous to the adjoining property, it must be shown that it was an impossibility for the contractor to do the work otherwise than in the manner being followed.

From Clatsop: JAMES U. CAMPBELL, Judge.

This is a suit by Robert Carruthers and Frans Kankkonen against City of Astoria (a municipal corporation), Olof Anderson, as auditor and police judge of the City of Astoria, and H. F. Prael, as city treasurer of the City of Astoria, and Scandinavian-American Bank (a corporation). From a decree for defendants, plaintiffs appeal. Respondents now move to dismiss the appeal, the grounds of which are set forth in the opinion of the court.

MOTION TO DISMISS DENIED.

*Mr. A. W. Norblad, Mr. Albert M. Smith* and *Mr. John M. Gearin,* for the motion.

*Mr. George C. Fulton, contra.*

## ON MOTION TO DISMISS.

Department 2.    MR. JUSTICE EAKIN delivered the opinion of the court.

1. The ground for this motion is that the holders of the warrants sought to be benefited by Ordinance No. 4416 are necessary parties to the suit.   This is not a proceeding to cancel any warrants, but to enjoin the enforcement of Ordinance No. 4416, authorizing payment of warrants issued against a prospective special fund from the general fund.   The rights of the warrant-holders under their warrants are not in any way attacked by the suit, and whatever relief or benefit they may anticipate from the ordinance is a mere gratuity and not a legal right.   If the city is liable to them at all events and independently of their warrants, they will not be precluded by any decree entered in this suit if they are not parties to it.   Furthermore, there are about 170 of such warrants issued against the prospective special fund, payable to bearer, and it is not known who are the holders thereof other than the one who has appeared herein.   It is said in the syllabus in *Mandeville* v. *Riggs,* 27 U. S. (2 Pet.) 482, 7 L. Ed. 493) :

"It is well known that there are cases in which a court of equity dispenses with such a proceeding [presence of the stockholders], when the parties are very numerous and unknown; and the adoption of the rule would evidently impede, if not defeat, the purposes of justice": *Brown* v. *Trousdale,* 138 U. S. 389 (34 L. Ed. 987, 11 Sup. Ct. Rep. 308).

2. Even if the warrant-holders were proper parties, which the writer doubts, they are not necessary parties. Plaintiffs' appeal having been taken before the warrants were issued by the auditor under said Ordinance

No. 4416, the issuance of the warrants did not prejudice plaintiff's appeal. The suit is to enjoin payment, as well as to prevent the issuance of warrants; and, if they were issued prematurely, that fact does not take the subject of suit out of the jurisdiction of the appellate court. If Ordinance No. 4416 was void, the city is acting at its peril. The power and authority of the city to pass the ordinance is the burden of this suit.

The motion is denied.

Reversed September 8, 1914.

ON THE MERITS.

(143 Pac. 899.)

MR. JUSTICE EAKIN delivered the opinion of the court.

This is a suit brought by the plaintiffs to enjoin the City of Astoria and its officers from issuing warrants and to restrain the payment from the general funds of any portion of the cost and expenses of the improvement of Irving Avenue west of the west line of Eighteenth Street to the east line of that part of the City of Astoria as laid out by John M. Shively. The City of Astoria, having undertaken to grade and improve Irving Avenue from the west line of Eighteenth Street east for several blocks, advertised and let the contract for such improvement to one Goodin for $18,900. In the improvement of the portion thereof between Eighteenth and Nineteenth Streets, where an extensive fill was necessary, the said attempted fill settled as fast as completed, and eventually slid down the side of the mountain, causing great damage; and Goodin, in the attempt to complete the work, became insolvent, and abandoned the work without completing the portion thereof between the west line of Eighteenth Street and

the east line of Nineteenth Street. As provided in the contract, Goodin was to receive warrants against a special fund to be provided by assessment for the expense of the improvement against certain property within the improvement district, and said warrants were issued to and cashed by him, or sold to various parties, among others being the Scandinavian-American Savings Bank. Without the completion of said work the city was unable to collect the assessments for the improvement of said street, or pay said warrants, and provided by Ordinance No. 4416 for the appropriation of $21,000 out of the general fund of the city for relief of the holders of the warrants upon the special fund intended to defray the expense and cost of the said improvement. The case was tried in the Circuit Court, which made findings in favor of the city, approving said Ordinance No. 4416 and dismissing plaintiffs' suit.

3. There are about 32 assignments of error, but the principal one relied upon by plaintiffs is that the city charter of Astoria expressly prohibits the payment of any expenses of improvement of the public street out of the general fund, and expressly directs that the cost and expense of such improvement must be defrayed by a special fund created by assessment upon property specially benefited by such improvement, and that therefore the city council had no authority or power to pass the ordinance referred to for the payment of said amount from the general fund. As we think that this objection is fatal to the power of the city to pass the ordinance referred to, we will discuss that question first. This is a part of section 72 of the charter of Astoria, which, among other things, provides:

"No part of the expense of improvement of any street * * by grading, paving * * or otherwise shall

be paid from the general fund, * * but the whole expense of such improvement * * shall be defrayed by special assessment upon lots * * included in a special assessment district.''

It is held in *Northern Pacific L. & M. Co. v. East Portland,* 14 Or. 3 (12 Pac. 4), that upon a contract for the improvement of a street the city has no power to pay the contract price out of the general fund of the city; but in that case it is held that a general liability will attach in case the city fails to observe the various forms of the charter by which the special fund is to be realized, and it was held liable for the payment. The contractor had completed his contract, but the city failed to perform some act necessary to raise a special fund. In *Portland Lumbering & Manufacturing Co. v. East Portland,* 18 Or. 21 (22 Pac. 536, 6 L. R. A. 290), that decision was followed, and the city was held liable. Mr. Justice LORD, concurring in that opinion of Mr. Justice STRAHAN, holds that a failure to comply with any of the requirements of the charter by which a special fund may be realized would subject the city to a general liability. He says:

''For the purposes of this case, it may be admitted that a municipal corporation cannot contract in any other mode than is authorized by its charter. * * The reason is plain. As the city is without any general power to contract for and provide the funds to pay for such improvements, except by way of local assessments, it necessarily results that it cannot be subject to any general liability. To subject the city to a general liability, there must be some general power under which it would be authorized to raise the funds to pay for such improvements: But where such general power is conferred, and an improvement is projected to be paid for out of funds to be derived from local assessments, and the city authorities upon whom is devolved the duty, neglect or fail to take the requi-

site proceedings to create the lien which is to supply
the funds to pay for such improvement—the improve-
ment being within the scope of the general power of
the corporation, independent of the special mode by
local assessments—such neglect or omission, after the
improvement is made, will subject the city to a general
liability to pay therefor. * * If the city has not such
general power, but is confined exclusively in making
and defraying the expenses of such improvements to
the fund derived from local assessments upon abutting
property, there would be no authority, even though
there was a failure to perform all the required acts in-
tended to provide such fund, and to subject the acts to
a general liability. It would be *ultra vires,* and, in my
judgment, the case in 14 Or., *supra,* would not be sus-
tained. The right to subject the city to a general lia-
bility finds its authority in the general power conferred
to make such improvements, as without it such im-
provements could only be authorized in the special
mode prescribed, which would necessarily be exclusive,
and could only be paid for out of the funds derived
from local assessments.''

But the Astoria statute can have no such construc-
tion, as it expressly provides that ''no part of the ex-
pense shall be paid from the general funds,'' which is
an inhibition against any general liability. It is there-
fore beyond the power of the city to pay the warrants
upon the special fund by an appropriation from the
general fund. The concurring opinion of Mr. Justice
LORD, just quoted, which we recognize as good law, is
conclusive of this case, and it is beyond the power of
a city to relieve the contractor or his assignee of these
warrants, regardless of the apparent meritorious
claim of the contractor or of the bank. The contractor
entered into the contract, and when the bank took over
the special fund warrants, it did it with knowledge of
the warrants from which the money was to come to pay
them. The charter must be considered as a part of

the contract with Goodin.  Undoubtedly the hardship of the situation appealed strongly to the members of the council, as it does to us, but that cannot change the law.  The contractor did not earn the money, and it was out of the power of the city to create the special fund by reason thereof, which renders it unnecessary to consider the other points suggested by plaintiffs' counsel.

The decree is reversed, and one rendered here as prayed in the complaint.

REVERSED.   REHEARING DENIED.

MR. JUSTICE BEAN and MR. JUSTICE McNARY concur.

---

Denied October 6, 1914.

ON PETITION FOR REHEARING.

(143 Pac. 1106.)

MR. JUSTICE EAKIN delivered the opinion of the court.

4. The petition is a reargument of the questions decided in the opinion, and petitioner relies upon the case of *O'Neil* v. *City of Portland,* 59 Or. 84 (113 Pac. 655) ; but the facts of this case are not brought within the conditions of the O'Neil case.  The charter here has made ample provision for raising funds to pay for the improvement, and it is the duty of the city to make the levy and assessment therefor and to collect the tax that is to provide the special fund.  There was no attempt in this case by the city to raise a special fund. The failure of the contractor to perform his contract would have been a complete defense to any attempt by the city to collect a special levy, and therefore the city was not in default in providing the fund.  The contractor was in no position to ask for payment until the

completion of his contract.   The city is simply a volunteer in attempting to pay the warrants out of the general fund.   Its act in stopping the work and preventing its completion is suggested in this matter as showing its liability in tort, but that assumes that the contractor could not proceed with his work.   The Astoria charter evidently is an effort to protect the city against the liability held to exist in the case of the Portland charter.   The remedy resorted to under the Portland charter is for failure of the city to perform matters required of it by the charter for the purpose of supplying the fund or for delay in so doing, which is the ground of the recovery in the O'Neil case, where the work was completed and received by the city and the city neglected to proceed to raise the fund.   Here it is contended that the city ordered the contractor to quit the work because it was proving dangerous to certain property below the street, and therefore it was the city's fault that the work was not completed, and that the city was liable in damages for the work done; but that is assuming it was otherwise impossible to do the work safely, which we think is untenable.   In order to relieve the contractor of the duty to carry out the provisions of the contract and to hold the city liable for the expenses of the work done, because it determined that the manner of doing the work was dangerous to adjoining property, it must be shown that it was impossible to do the work otherwise than in the manner being followed, which has not been shown.

The motion is denied.

REVERSED.   REHEARING DENIED.

MR. JUSTICE BEAN and MR. JUSTICE MCNARY concur.