Argued April 12, affirmed May 16, 1916.

## DENNIS v. WILLAMINA.*

(157 Pac. 799.)

**Evidence—Judicial Notice—Initiative Charters.**

1. Courts will not judicially notice initiative charters of cities and towns.

   [As to judicial notice of municipal ordinances, see note in Ann. Cas. 1914C, 1232.]

**Appeal and Error—Scope of Review—Presumptions.**

2. Although the record does not affirmatively show an amended city charter to have been introduced in evidence, the cause will be reviewed on the theory that it was introduced, where the case was so tried below.

**Appeal and Error—Scope of Review—Presumptions.**

3. Where no motion for nonsuit was made on account of lack of proof, it will be presumed on appeal that an objection to evidence ran to the character, and not the *quantum* thereof.

———

*Effect of conclusiveness, as between municipality and contractor, of decision of engineer or other empowered officers as to matters concerning contract for public improvement, see note in 23 L. R. A. (N. S.) 317.                                REPORTER.

Municipal Corporations — Streets — Public Improvements — Notice — Adequacy.

4. A notice of proposed paving particularly describing the improvement and informing all persons interested that the cost would be assessed against abutting property is adequate.

Municipal Corporations — Streets — Public Improvements — Notice — Adequacy.

5. Evidence *held* to show due publication of an adequate notice of a proposed street improvement.

Municipal Corporations—Streets—Public Improvements—Ordinances —Adequacy.

6. Since Willamina Charter, Section 65, provides that each abutting lot shall be assessed a full half of the cost of street improvements, an ordinance for paving is valid, though its body does not state that the cost will be assessed against the property benefited; the owners having been notified thereof by the improvement notice and being presumed to know the charter provisions.

Municipal Corporations—Public Improvements—De Facto Engineer— Reports.

7. Where the city and the paving contractor selected a *de facto* city engineer as arbitrator in their contract, his reports were admissible in suit for work performed, though they were signed as city engineer, and the city was without power to appoint an engineer.

Municipal Corporations—Public Improvements—Duties of Council.

8. Since by Willamina Charter, Section 39, the city recorder is clerk of the council and must file all papers presented to him for that purpose, where contractors presented reports showing completion of work, and they were filed, the duty of the council was to act thereon, and neglect to act for seven months rendered the city liable for the contract price of the work.

Municipal Corporations—Public Improvements—Payment.

9. When the expense incurred for the improvement of a city street is to be paid from a special fund to be obtained by an assessment on the property benefited, a neglect of the municipality to comply with any requirements of the charter, essential to secure such fund, or any unreasonable delay in enforcing such provisions of the fundamental law of the city, or a failure to collect or pay over the money within a reasonable time, renders the municipality liable in damages for the cost of the improvement.

Municipal Corporations—Public Improvements—Actions—Pleading —Sufficiency.

10. Where an improvement contract made an engineer sole arbiter as to completion, and his reports showing completion were not assailed by the city, its answer denying liability failed to state a defense, and verdict for the contractor might be directed and the city's evidence rejected.

Appeal and Error—Mandate on Appeal—Restitution.

11. Where a contractor held dishonored city warrants for an improvement, he could be required to return them as a condition pre-

cedent to entry of mandate affirming a judgment in his favor for damages for failure to assess the cost and provide a fund to pay the warrants.

From Yamhill: HARRY H. BELT, Judge.

Department 1. Statement by MR. CHIEF JUSTICE MOORE.

This is an action by V. R. Dennis and P. C. Christensen, copartners against the City of Willamina, a municipal corporation, to recover money. The plaintiffs, as partners, on September 15, 1913, entered into a contract with the defendant, a municipal corporation, whereby they engaged to furnish the material and perform the labor necessary to improve B Street, in the City of Willamina, from Main Street to Fourth Street, according to the provisions of Ordinance No. 67 and in conformity with the plans and specifications adopted for such work. The contract provided that the city engineer of Willamina should decide all questions that might arise under the agreement, and that his decision should be final and conclusive between the parties. For completing the improvement the plaintiffs were to receive $3,464.55, and upon the city engineer's report, 85 per cent of the value of the material furnished and expense of the labor performed, as the work progressed, was to be paid them by the defendant and the remainder when the improvement was accepted. The defendant also stipulated that for the purpose of creating a fund, in order to pay the plaintiffs, ordinances would be enacted and all other necessary acts performed that might be required for imposing the assessment upon and collecting it from the property abutting upon the improvement in strict accordance with the provisions of the charter and under the conditions of the Bancroft Bonding Act. The parties on October 13, 1913, entered into another contract for the

improvement of Commercial Street from the south line of Main Street to the north line of East Water Street, according to the provisions of Ordinance No. 68 and in conformity with the plans and specifications prepared for the work. This contract contained the same clauses as the preceding agreement, and provided that for making the improvement the plaintiffs were to receive $1,134.24, the partial and final ·payments to be made as hereinbefore specified. As the improvements progressed, the defendant issued to the plaintiffs, upon reports of the engineer, for the work done and material furnished for B Street, city warrants amounting to $2,943.12, and ·on account of Commercial Street $798.40. The final reports of the engineer made August 7, 1914, stated that the work under the contracts had been performed to his satisfaction, and that there remained due from the defendant to the plaintiffs on account of the B Street improvement, $515.88, and on the Commercial Street work, $364.54. These final reports of the engineer were neither accepted nor rejected, and on March 5, 1915, this action was commenced to recover $4,621.94, the entire contract price and some extras, as damages by reason of the defendant's failure to enact the ordinances necessary to impose the assessment upon the real property benefited by the improvement, so as to create the fund with which to pay the plaintiffs' demand. The cause being at issue, the plaintiffs submitted evidence tending to substantiate the averments of the complaint, but the defendant was not permitted to offer any evidence to prove the affirmative allegations of its answer to the effect that neither the materials furnished nor the work performed had been supplied or done in accordance with the provisions of the ordinances or in conformity with the plans and specifi-

cations.    The trial court, considering the averment of
the reply that the defendant for nearly seven months
had neither accepted nor rejected the final reports of
the engineer, was estopped to assert that the material
was inferior or that the work had not been properly
performed, directed a verdict for the plaintiffs for the
sum of $4,928.49, and, judgment having been rendered
thereon, the defendant appeals.          AFFIRMED.

For appellant there was a brief and an oral argu-
ment by *Mr. Frank Holmes.*

For respondent there was a brief and an oral argu-
ment by *Mr. Frank S. Grant.*

Opinion by Mr. Chief Justice Moore.

1, 2. The defendant was first incorporated by an
act of the legislative assembly: Sp. Laws Or. 1903,
p. 376.    It is stated in the brief of plaintiffs' counsel
that the original charter was substituted by an act of
incorporation adopted by the legal voters of the muni-
cipality December 7, 1908, pursuant to an exercise of
the initiative power.    From an examination of the
transcript before us it is not conclusively obvious. that
the amended charter was received in evidence.    The
brief of defendant's counsel quotes several sections of
the new charter, which excerpts correspond with parts
of a pamphlet found with the transcript.    The book
referred to is entitled, ''A Proposed Act to Incorpo-
rate the City of Willamina, Oregon, to be Submitted
to the Legal Voters of Said City for Their Approval
or Rejection at the Regular General Election to be
Held on Monday, the Seventh Day of December, 1908.''
It has been ruled that the courts of Oregon will not
take judicial notice of initiative charters of cities and

towns in this state: *Birnie* v. *La Grande,* 78 Or. 531 (153 Pac. 415); *Chan Sing* v. *Astoria,* 79 Or. 411 (155 Pac. 378); *Rusk* v. *Montgomery, ante,* p. 93 (156 Pac. 435). Notwithstanding the uncertainty of the bill of exceptions in the particular mentioned, the cause will be reviewed here as it was tried in the lower court, on the assumption that the initiative charter had been, as it probably was, admitted in evidence. The answer admitted and the defendant's counsel, at the trial, conceded that the plaintiffs were partners, and the defendant was a municipal corporation. There can be no doubt that the City of Willamina was duly reincorporated by the legal voters at an election held for that purpose, and the municipality is therefore empowered to improve the streets within its borders in the manner prescribed by its initiative charter.

3. It is contended by defendant's counsel that errors were committed in receiving in evidence, over objection and exception, ordinances numbered 67 and 68 of the City of Willamina under which the improvements of the streets were made. It is argued that these enactments were not passed pursuant to notice, and that they do not provide for assessing the costs of the improvements upon the abutting property.

By the amended charter the council of the City of Willamina is empowered to order the improvement of parts of streets: Section 51. No such improvement can be undertaken without first giving seven days' notice thereof by publication in a newspaper of the City of Willamina: Section 52. This notice must, by order of the council, be given by the marshal as *ex-officio* street commissioner, and shall specify with convenient certainty the kind of improvement to be made and the time within which it must be undertaken and when completed. The council shall meet at a time men-

tioned in the notice to hear and determine all objections to the making of the proposed improvement: Section 53.

Municipal enactment No. 67 is entitled, "An ordinance providing for the macadamizing of B Street in the City of Willamina, Oregon, between Main Street and Fourth Street, and charging and assessing the costs thereof upon and against the property abutting and adjacent thereon." A part of Section 1 of the ordinance reads:

"Whereas, the common council of the City of Willamina, Oregon, did on the 29th day of July, 1913, by vote authorize and instruct the city marshal to give due and legal notice to all concerned that said city council intended and contemplated the improvement of B Street between Main Street and Fourth Street in said City of Willamina, and the said city marshal did in compliance with said vote and order of said council, give notice on the —— day of ——, 1913, that said council of Willamina, Oregon, would on the 11th day of August, 1913, hear any and all complaints and objections against the said proposed improvements on said B Street between Main Street and south side Fourth Street; and

"Whereas, on the 11th day of August, 1913, the said council did hear all and any complaints and objections against the said improvement of said street; and after a full and complete hearing, it was found by the said common council of the City of Willamina, Oregon, that there were no objections thereto; and

"Whereas, the city surveyor and engineer has duly and completely surveyed said B Street and filed his plat, plans, and specifications of said proposed improvements, and the same has been adopted and approved by vote of the common council of the City of Willamina: It is

"Resolved, by the common council of the City of Willamina, Oregon, that the said B Street be improved, leveled, graded, surfaced, and filled in accord-

ance with following specifications for constructing a macadam roadway."

Here follows a detailed statement of the entire improvement mentioned. Another clause of Section 1 of the ordinance reads:

"*Acceptance of the Work.* The engineer shall be the sole judge as to the manner of construction and acceptance of the work. In all cases where a dispute arises or in case of an interpretation of these specifications, the word of the engineer shall be final and conclusive and binding on both the contractor and the city. The work shall be begun and prosecuted at such points, in such order and in such manner as the engineer may direct."

Aside from the title, hereinbefore quoted, the ordinance contains no provision that the improvement shall be made at the expense of the abutting property. No copy of the notice referred to in Ordinance No. 67 appears in the bill of exceptions.

Enactment No. 68 is entitled:

"An ordinance providing for the macadamizing of Commercial Street in the City of Willamina, Oregon, between Main Street and Water Street, and charging and assessing the costs thereof upon and against the property abutting and adjacent thereon."

Section 1 of the ordinance reads:

"Whereas, the common council of the City of Willamina, Oregon, did on the 20th day of August, 1913, by vote authorize and instruct the city marshal to give due and legal notice to all concerned that said city council intended and contemplated the improvement of Commercial Street between Main Street and Water Street in said City of Willamina, and the said city marshal did in compliance with said vote and order of said council, give notice on the 21st day of August, 1913, that said city council of Willamina, Oregon, would on the 1st day of September, 1913, hear any and

all objections and complaints against the proposed improvements of said Commercial Street between Main Street and Water Street; and

"Whereas, on the 2d day of September, 1913, the said council did hear all and any objections and complaints thereto, and after a full and complete hearing it was found by the said council that there were no objections thereto; and

"Whereas, the city surveyor and engineer has duly and completely surveyed said Commercial Street and filed his plat, plans and specifications of said proposed improvements and the same has been adopted and approved by vote of the common council of the City of Willamina; it is

"Resolved, by the common council of the City of Willamina, Oregon, that the said Commercial Street be improved, leveled, graded, surfaced and filled in accordance with the plans and specifications on file in the office of the city recorder."

Aside from the title this ordinance contains no statement that any part of the expense of the improvement would be imposed upon the real property benefited thereby. The notice referred to in this enactment was received in evidence and reads:

"To all Owners of Real Property Abutting on the Street Hereafter Mentioned:

"Notice is hereby given that the city council of the City of Willamina, State of Oregon, contemplates the passage of an ordinance requiring the improvement of that certain street described as follows: Commercial Street from the south line of Main Street to the north line of East Water Street. Said improvement to commence on or before the 1st day of October, 1913.

"Said improvement will consist in general of grading said street and laying thereon a macadam pavement eighteen feet wide, nine feet on either side of the center line of said street. Also two lines of twelve-inch tile drains from the south side of East Main Street to the Willamina River, together with such necessary connections in order to provide adequate

drainage for the street improved as above described. All of above improvements to be more fully described in an ordinance to be passed by the city council.

"That the council will sit in the council chamber in said city on the 1st day of September, 1913, at the hour of 8 o'clock P. M. to hear and determine all objections and remonstrances, if any there be, to the proposed improvement.

"That all owners and other persons interested in the above improvement may attend said meeting at said time and place and show cause, if any there be, why said improvement should not be made and the cost thereof assessed to the property abutting thereon and benefited thereby as provided in Section 53 of the charter of the City of Willamina.

"Done by order of the City of Willamina on the 20th day of August, 1913. Notice my hand and the affixed seal of the City of Willamina this 20th day of August, 1913.                           G. A. RAMSEY,

"Ex-officio Street Commissioner.
"[Seal of City of Willamina.]"

The minutes of the council of August 11, 1913, are as follows:

"This being the date fixed to hear all objections to the proposed B Street improvements, as per the notice published in the 'Willamina Times,' and there being no objections made thereto, on motion of Councilman Clarke, seconded by Councilman Fuqua, the resolution was unanimously accepted and the recorder was instructed to notify Jones and Flagg to draw up plans and specifications of the proposed improvement. Carried."

Before offering in evidence the notice hereinbefore quoted, the city recorder, as the plaintiffs' witness, was interrogated by their counsel as follows:

"Mr. Barker, will you turn to the minutes of the City of Willamina, and if it is not in the minutes, will you kindly produce here the notice as published in the 'Willamina Times' for the contemplated improvement

of B Street, and also the order, or resolution, or ordinance, whichever was passed, authorizing or proposing such improvement.''

The defendant's counsel thereupon remarked: ''Here, we have them here.'' Plaintiffs' counsel then inquired: ''This is notice of street improvement—is that admitted?'' The defendant's counsel replied, ''Yes; but not that it is competent evidence.'' The notice was then received in evidence, over the objection and exception of defendant's counsel that it referred to an ordinance not then in existence, and also failed to contain any information required by the municipal charter. No proper proof by affidavit was offered tending to show the notice in question was regularly printed, nor was evidence received of the entire proceedings of the council relating to the initiating of the proposed improvements of either street. Excerpts from the minutes of the council as to one or the other street referred to was received, showing the mode pursued. As no motion for a judgment of nonsuit was interposed, on account of any lack of proof, it will be taken for granted that the objections insisted upon relate only to the character of the evidence, and not the *quantum* thereof.

4, 5. A glance at the notice as printed will reveal that the writing informed all owners and other persons interested in the proposed improvement of Commercial Street that the cost thereof would be assessed upon the abutting property. That notice also particularly described the improvement to be made. We conclude, therefore, that the notice of each proposed improvement was duly published in a newspaper printed in the City of Willamina for the required time preceding the enactment of the several ordinances, and that each notice was adequate.

6. The ordinances, it is true, did not in the bodies thereof specify that the cost of making the improvements would be imposed upon the real property benefited thereby. Section 65 of the charter declares:

"Each lot or part thereof shall be liable for all street improvements within its limits for the full half of the street abutting upon it."

As the owners of such property and all others interested therein were informed by the printed notices that the cost of the improvement would be assessed against the real estate particularly benefited, and since such persons are presumed to know the law to be found in the city charter, the municipal enactments are adequate, and no error was committed in receiving them in evidence.

7. Objections were made and exceptions reserved to the admission in evidence of the final reports of Herbert J. Flagg, who appended after his signature the phrase, "City Engineer." It is argued by defendant's counsel that since the charter does not authorize the appointment or election of a city engineer, the reports so objected to are without any validity, and errors were committed in receiving them in evidence. It will be remembered that the minutes of a meeting of the council of the City of Willamina, held August 11, 1913, show the recorder was instructed to notify Jones and Flagg to draw up plans and specifications for the proposed improvement of B Street. There were received in evidence blue-prints of such work, showing the designs were prepared by "Jones & Flagg, Engineers." It will also be kept in mind that Section 1 of Ordinance No. 67, which was enacted August 27, 1913, contains a clause which reads:

"Whereas the city surveyor and engineer has duly and completely surveyed 'B' Street and filed his plat,

80 Or.—32

plans and specifications of said proposed improvements, and the same has been adopted and approved by a vote of the common council of the City of Willamina," etc.

The evidence further discloses that the reports of the work, as it progressed, concluded with the typewritten words, "Jones & Flagg, Engineers, by," after which phrase is written in ink the name "Herbert J. Flagg." As plaintiffs' witness, Mr. Flagg testified that he had been employed by the City of Willamina as engineer in which capacity he prepared the plans and specifications for the improvement of B and Commercial Streets; that he consulted with the council in all matters relating to the project, set the grade stakes, inspected the work as it was performed, and, from time to time, issued the progressive estimates and also gave the final certificates. From the evidence thus referred to we think there can be no doubt Mr. Flagg was duly appointed city engineer by the council, and he is the person mentioned as such in the record before us. As the charter contains no prohibition on the subject, the parties hereto were competent to select an arbitrator as *de facto* city engineer, whose decision, in the absence of fraud, bad faith or gross mistake, should be final and conclusive as to all matters arising under the contracts. The fact that Mr. Flagg was designated by the common council as city engineer and that he adopted such title did not hinder him from acting as umpire or prevent his decision from becoming final and conclusive as specified in the contracts. Since no charge of fraud, mistake or bad faith on his part is alleged in the answer, his reports were properly received in evidence, and are conclusive upon the parties that the improvements were made and completed according to the terms of the contracts: 2 Dillon, Mun. Corp. (5 ed.), § 823; 4 McQuillin, Mun. Corp., § 1938;

*McGuire* v. *Rapid City,* 6 Dak. 346 (43 N. W. 706, 5
L. R. A. 752) ; *City Street Imp. Co.* v. *Marysville,* 155
Cal. 419 (101 Pac. 308, 23 L. R. A. (N. S.) 317) ;
*Chance* v. *Portland,* 26 Or. 286 (38 Pac. 68) ; *Duniway*
v. *Portland,* 47 Or. 103 (81 Pac. 945) ; *Manerud* v.
*Eugene,* 62 Or. 196 (124 Pac. 662).

It will be remembered that based upon Mr. Flagg's
reports city warrants, equal to 85 per cent of the cost
of the work as it progressed, were issued to the plain-
tiffs.  The final reports, filed with the city recorder
August 9, 1914, certified that the entire work had been
completed by the plaintiffs under the terms of their
contracts and to the satisfaction of the arbitrator, who
showed they were entitled to the remainder of $515.88
on account of the improvement of B Street and $364.54
on Commercial Street.  Though the reports were filed
as stated, it is insisted by defendant's counsel they
were never presented by the plaintiffs to the council
for consideration, and, this being so, an error was com-
mitted in holding the defendant liable for the nonac-
tion of the council.

8. The recorder of the City of Willamina is *ex-officio*
clerk of the council, and it is incumbent upon him to
file all papers presented to him for that purpose: City
Charter, § 39.  Mr. Flagg's final certificates having
thus been filed and left with the recorder, as evidenced
by the latter's indorsement made upon the papers,
they were thus brought to the attention of the council,
whose duty it was either to accept or to reject the
same within a reasonable time.  The fact that no ac-
tion was taken on these reports for nearly seven
months after they were filed displays such a degree of
negligence and disregard of the rights of the plaintiffs
and of the owners of the abutting property as to ren-
der the city liable for the contract price in each in-

stance: *North Pacific L. & Mfg. Co.* v. *East Portland,* 14 Or. 3 (12 Pac. 4). In that case it was ruled that where by the terms of a contract a street improvement was not to be paid for until its approval and acceptance by the common council, or other of its officers, and a period of six months elapsed between the completion of the work and the commencement of the action, and the council having neither approved nor disapproved the work within such interval, that body would not be heard to object that the work had not been sanctioned, and thus avoid the payment of the claim therefor. The decision reached in that case induced the conclusion that was reached by the trial court herein.

9. Whatever the rule may be in other states it is settled in Oregon that when the expense incurred for the improvement of a city street is to be paid from a special fund to be obtained by an assessment on the property benefited, a neglect of the municipality to comply with any requirements of the charter, essential to secure such fund, or any unreasonable delay in enforcing such provisions of the fundamental law of the city, or a failure to collect or pay over the money within a reasonable time, renders the municipality liable in damages for the cost of the improvement: *Commercial Nat. Bank* v. *Portland,* 24 Or. 188 (33 Pac. 532, 41 Am. St. Rep. 854); *Little* v. *Portland,* 26 Or. 235 (37 Pac. 911); *Jones* v. *Portland,* 35 Or. 512 (58 Pac. 657); *O'Neil* v. *Portland,* 59 Or. 84 (113 Pac. 655); *Carruthers* v. *Astoria,* 72 Or. 505 (143 Pac. 899, 1106).

10. The answer not having challenged the validity of the final reports of the *de facto* city engineer, who by the ordinances and the contracts was given sole charge of the improvement and expressly made the

arbiter in all matters relating to the agreements that might arise between the parties, the defendant's pleading did not state facts sufficient to constitute a defense to the action, and, such being the case, no error was committed in rejecting the evidence offered by that party, or in directing the jury to find for the plaintiffs.

11. V. R. Dennis, one of the plaintiffs, testified that he had possession of the city warrants which had been issued to him and his partner on account of the improvements of the streets which they had made, and that these warrants had been presented to the city treasurer who indorsed thereon "Not paid for want of funds," stating the several dates of their presentation. As this action is predicated upon the damages which the plaintiffs sustained by reason of the defendant's failure to assess the costs of the improvement upon the real property liable therefor and benefited thereby, the warrants so received must be returned to the council as a condition precedent to an entry of our mandate in the lower court. Though this is a law action, it is believed the practice here adopted, in respect to the surrender of the city warrants, is authorized by Section 3 of Article VII of the organic law of the state.

The judgment appealed from should be affirmed, and it is so ordered.                          AFFIRMED.

MR. JUSTICE BENSON and MR. JUSTICE BURNETT concur.

MR. JUSTICE HARRIS concurs in the result.