[Argued April 3, 1893; decided April 27, 1893.]

## GRAFTON *v.* CITY OF SELLWOOD.
### [S. C. 32 Pac. Rep. 1026.]

CONTRACT WITH MUNICIPAL CORPORATION.— When the mode of procedure regarding a contract with a municipal corporation is especially and plainly prescribed and limited, that mode is exclusive and must be pursued, or the contract will be void.

PUBLICATION OF ORDINANCES.— When ordinances are required to be published before they shall go into effect, this requirement is essential and the publication must be in the designated mode.

Multnomah County: E. D. SHATTUCK, Judge.

Action by Jacob A. Grafton and L. T. Proctor, partners as Grafton & Proctor, against the City of Sellwood, to recover damages for breach of a contract for the erection by plaintiffs of a city hall and jail for defendant. From a judgment for defendant, plaintiffs appeal. Affirmed.

*Berryman M. Smith* ( *Victor K. Strode* and *Chas. N. Wait* on the brief), for Appellants.

*William H. Adams,* for Respondent.

MR. JUSTICE MOORE delivered the opinion of the court:

This action was brought by the appellants to recover seven hundred dollars damages on account of an alleged breach of contract. The plaintiffs, in substance, allege that the defendant, prior to January 2, 1892, duly levied a

special tax of three mills on all the taxable property within its limits, amounting to one thousand two hundred dollars, or more, for the purpose of erecting a city hall and jail, and collected about six hundred dollars of said tax; that on December 28, 1891, an ordinance was duly passed and approved which authorized the proper officers of the defendant to enter into a contract with plaintiffs for the erection of said city hall and jail; that on January 2, 1892, in pursuance of said ordinance, a contract was entered into between the parties, whereby plaintiffs agreed to furnish the material and erect said building for one thousand one hundred and seventy-five dollars; that plaintiffs immediately commenced the erection thereof and expended in labor and material thereon four hundred dollars, when, on January 6, 1892, the defendant, by an ordinance, repealed the ordinance of December 28, 1891, rescinded the contract of January 2, 1892, and notified the plaintiffs thereof, by reason of which they were obliged to abandon the same, and thereby lost the profits on said building amounting to three hundred dollars; that all the ordinances in relation to the levy of said tax, and authorizing the defendant to enter into said contract, were duly posted as provided by law, and duly went into force and effect.

The defendant denies the material allegations of the complaint, and for a separate answer alleges that the ordinance approved December 28, 1891, was not posted until December 31, 1891, and did not go into effect until January 3, 1892, one day after the execution of the alleged contract; that plaintiffs had not, at the time they were so notified, furnished any material or labor thereon. For a second separate defense the defendant alleged that prior to the execution of plaintiffs' alleged contract, defendant had entered into a contract for lighting the city for a term of five years at seventy-five dollars per month, amounting to four thousand five hundred dollars; that it had also purchased a fire engine for nine hundred and fifty dollars,

and given a negotiable bond therefor, and that its charter only permitted an indebtedness of one thousand dollars to be incurred. Plaintiffs moved the court to strike out the separate defenses, which motion was overruled by the court, and they were given ten days to reply, but failing to do so, judgment was rendered against them for costs and disbursements, from which they appeal.

The appeal presents but one question,— did the answer contain a defense which entitled the defendant to a judgment for want of a reply? It is only necessary to consider one of these defenses, as we think that is decisive of the case. The complaint alleges that the ordinance of December 28, 1891, had been duly posted as provided by law, and duly went into force and effect, but it does not allege that it was in force at the time the contract was executed, on January 2, 1892, while the answer directly alleges that said ordinance was not in force at that time. Subdivision 18 of section 28 of the charter of Sellwood, filed in the office of the secretary of state, February 25, 1889 (Session Laws, 1889, p. 503), gives the council power "to provide for the erection of a city jail." Section 29 provides that the power and authority given the council by section 38 can only be enforced and exercised by ordinance, unless otherwise expressly provided. Section 28 contains forty-one subdivisions giving power to the council. Section 29 probably refers to section 28 instead of section 38, which relates to the manner of taking an appeal from the action of the council to the circuit court. No jail could be erected without an ordinance for that purpose. When the mode of procedure is specially and plainly prescribed and limited, that mode is exclusive, and must be pursued, or the contract will not bind the corporation: Dillon, Municipal Corporations, § 449. Section 14 provides that within three days after the passage of an ordinance, copies of the same shall be posted in at least three public places in said city, and all such ordinances shall take effect within five days

after such notice unless otherwise ordered. "When ordinances are required to be published before they shall go into effect, this requirement is essential and the publication must be in the designated mode": Dillon, Municipal Corporations, § 331. The time when the ordinance of December 28, 1891, took effect was a question of fact. Any contract entered into prior to that time would be void under the charter. The answer presented an issue upon this question of fact, and, in default of a reply thereto, the court was authorized to render judgment against plaintiffs, and the judgment appealed from must therefore be AFFIRMED.