Argued 12 October; decided 23 October, 1899.

## JONES v. CITY OF PORTLAND.

(58 Pac. 657.)

1. LIABILITY OF CITY FOR FAILURE TO PROVIDE FUNDS TO PAY WARRANTS.— Where the expense of improving a street in a city is to be paid from a special fund to be raised by an assessment on the abutting property, the failure of the municipality to comply with any of the requirements of the charter essential to supply such fund, or any unreasonable delay in collecting the money to pay for such improvement gives the contractor a right of action *ex delicto* against the city for damages, notwithstanding a provision in the contract that he shall look for payment to such special fund only, and that he will not require the municipality to pay for the same out of any other fund: *Little* v. *City of Portland*, 24 Or. 188, followed.

2. PLEADING NEGLIGENCE.—It is a rule of general application in pleading that negligence cannot be alleged in one particular and the pleader be allowed to prove and recover on some other negligence, yet that must be taken in connection with another rule, that where a complaint contains a general allegation of negligence, and the defendant joins issue without moving to make the pleading more definite, proof of any negligence within the general scope of the allegations is competent.

3. MUNICIPALITY—ALLEGATION OF NEGLECT IN COLLECTING FUND.—In an action against a city on an improvement warrant drawn on a special fund,

an allegation that it was the city's duty to collect from the abutting owners the cost of the improvement, that it had failed and neglected to perform such duty, and had not collected from the owners any money for such purpose, and was not making any attempt to do so, is sufficiently broad to justify a recovery because of the invalidity of the assessments through the city's failure to comply with its charter provisions.

4. BURDEN OF PROOF IN SHOWING DILIGENCE TO COLLECT ASSESSMENTS.— Where plaintiff proved the ordinance authorizing the improvement contract on which his warrants were based, the execution of the contract, the performance of the work, its acceptance by the city, the issuance of the warrant, and the failure of the city for four years to provide the special fund out of which it was to be paid, he made a *prima facie* case against the city, and the burden was then on it to show that its failure to provide the fund was not owing to its neglect in complying with its charter provisions, or in exercising reasonable diligence.

5. WARRANTS—FUNDS FOR PAYING.—A municipal warrant purporting to have been issued in payment for the improvement of a certain street, sufficiently shows that it is to be paid out of a special fund raised by assessment on the property benefited by that improvement, where there is no claim that it was to be paid out of any other fund.

From Multnomah:    E. D. SHATTUCK, Judge.

This is an action by E. K. Jones & Company against the City of Portland, to recover damages alleged to have been sustained by the nonpayment of a warrant issued by the City of Sellwood upon a special fund to be raised by the levy and collection of assessments upon the property benefited by the improvement of Spokane Avenue, in such city. The complaint sets out in full the ordinance providing for the improvement, and alleges that a contract was duly let to one George P. Dorris to furnish the material and labor required to make such improvement; that Dorris has in all respects fully performed and completed his contract, and that the work was accepted without objection; that, after the improvement had been thus completed and accepted, the City of Sellwood issued certain warrants to him in payment of the same, one of which is in words and figures as follows: "Sellwood, Oregon, March 15th, 1892. To the Treasurer of the City of Sellwood: Pay to Geo. P. Dorris or order two hundred and fifty-three and 12½-100 dollars, in payment of

35 OR.—33.

lumber for imp. of Spokane Avenue. [Signed] Chas. A. Murbe, President of Council. J. D. Chapman, Recorder;" that Dorris, for a good and valuable consideration, sold, transferred, and delivered said warrant to the plaintiff, and it is now the sole owner thereof; that the contract contained a provision to the effect that the contractor should look for payment only to the fund to be assessed upon the property liable for the improvement, and collected and paid into the city treasury for that purpose, and that he would not require the city to pay the same out of any other fund, by legal process or otherwise; but further alleges, "that it was the duty of said city, and of the defendant, who afterwards assumed its place, as hereinafter alleged, to collect from the various owners of property abutting on said avenue the several and various sums ascertained to be the cost of making said improvement, and assessed by it on and against said lots and parcels of land liable therefor; and it avers that said City of Sellwood, and the defendant also, have each failed and neglected to perform said duty; that neither of them have collected from said properties, or the owners thereof, their respective assessments or charges, and have collected no money to pay said warrant, and are making no attempt to do so, though plaintiff has repeatedly presented such warrant to each of them for payment, and repeatedly demanded payment thereof; and it avers that it is damaged by such failure and neglect in the full sum of the principal and interest of said warrant." It is then alleged that the City of Sellwood, by an act of the legislature, was consolidated with the defendant city, and became and now is a part thereof, and that by the express provisions of the consolidation act the defendant became held and bound to perform all the duties, obligations, and responsibilities of the former City of Sellwood, including the collection of the assess-

ments and charges on and against the property abutting on Spokane Avenue, and payment of said warrants, but that it "has wholly failed and neglected to perform such duty, or to collect, or attempt to collect, said assessments or charges, or to do anything else to pay said warrant, or cause the same to be paid, though plaintiff has repeatedly demanded payment thereof."

A demurrer to the complaint, because it does not state facts sufficient to constitute a cause of action, having been overruled, the defendant answered, denying either positively or on information and belief all the allegations of the complaint; and for a further and separate defense alleged that in September, 1894, the common council of the defendant city, at plaintiff's request, duly passed an ordinance directing a warrant to issue to the chief of police for the collection of such delinquent assessment; that in pursuance thereof the auditor of the defendant city duly issued warrants to the chief of police for the sale of the assessed property; that the chief of police duly levied upon the property described in the warrant, and advertised and offered the same for sale at public auction, but, there being no offers therefor, returned the warrant unsatisfied for want of bidders, and that the defendant was therefore, without fault on its part, unable to collect the delinquent assessments or realize the fund for the payment of the warrants. The reply denied the new matter set up in the answer, and affirmatively alleged that prior to the passage of the ordinance by the defendant city directing warrants to issue for the collection of the delinquent assessments, and before the issuance of the warrants by the auditor, as referred to in the answer, the defendant voluntarily permitted a decree to be entered against it adjudging and decreeing that the assessment was invalid and void; that long before the pretended ordinance became a law, and in some cases

subsequent thereto, defendant, for the personal accommodation of certain property owners, voluntarily released their property from the pretended assessment, without the order, judgment, or decree of any court or any proceeding therefor, and without the knowledge or consent of the plaintiff; that at the time of the alleged offer for sale of the property abutting on Spokane Avenue the defendant was enjoined from selling parts thereof at the suit of the owners, upon the ground that the assessment and the proceedings thereunder were void and of no effect, and such suits were pending and not disposed of at the time the property was offered for sale; that at the time of the proposed sale, as the defendant well knew, the ordinances, assessments, and proceedings under which it pretended to have a lien on and against the property for the payment of plaintiff's warrant, and under which it pretended to offer such property for sale, were irregular and invalid, notwithstanding which it ordered such levy, advertisement, and offer for sale without taking any steps to correct such irregularities, or to make a valid and legal assessment of the property for the cost of said improvement. Upon the issues thus joined the cause was tried, and a verdict rendered in favor of the plaintiff, and from the judgment thereon the defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of *William M. Cake*, former City Attorney, and *Fred L. Keenan*, with an oral argument by *Mr. Ralph R. Duniway.*

For respondent there was a brief and an oral argument by *Mr. Dell Stuart.*

MR. JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

The record contains several assignments of error, but they are all directed to the questions—First, whether, under the allegations of the complaint, the plaintiff is confined to proof of negligence in attempting to collect the assessment against the property abutting on Spokane Avenue ; or second, may a recovery be had on the ground that the proceedings are void and of no effect, because of a failure to comply with the provisions of the charter in reference to the improvement of a street, the cost of which was to be assessed against the abutting property?

1.   Whatever confusion there may be in the authorities elsewhere, the holding of this court is that, where the expense of improving a street in a city is to be paid from a special fund to be raised by an assessment on the abutting property, a failure of the municipality to comply with any of the requirements of the charter essential to supply such fund (*North Pac. Lumbering Co.* v. *City of East Portland*, 14 Or. 6, 12 Pac. 4;   *Little* v. *City of Portland*, 26 Or. 235, 37 Pac. 911), or any unreasonable delay in enforcing such provisions or collecting and paying over the money (*Commercial Nat. Bank* v. *City of Portland*, 24 Or. 188, 41 Am. St. Rep. 854, 44 Am. & Eng. Corp. Cas. 486, 33 Pac. 532), gives the contractor a right of action *ex delicto* against the corporation for damages, in which he is entitled to recover the amount due under the contract, with interest, notwithstanding a provision in the contract that he shall look for payment only to the special fund, and that he will not require the municipality, by any legal process or otherwise, to pay for the same out of any other fund (*Commercial Nat. Bank* v. *City of Portland*, 24 Or. 188, 41 Am. St. Rep. 854, 44 Am. & Eng. Corp. Cas. 486, 33 Pac. 532) .   If, therefore, the

City of Sellwood failed to comply with any of the requirements of the charter authorizing the improvement of the street at the expense of the abutting property, by reason of which the special fund for the payment of the contract price cannot be raised, or if there has been any unreasonable delay by it or the present defendant in enforcing such provisions, or collecting and paying over the money, the plaintiff has a valid cause of action against the defendant for the amount remaining due and unpaid after the contract.

2.    But it is claimed that by its complaint the plaintiff has limited its right to recover to a failure of the defendant to exercise reasonable diligence in collecting, or attempting to collect, assessments made upon the abutting property, and is not entitled to recover because of the invalidity of such assessments on account of the failure of the city to comply with the provisions of the charter. It is the settled law in this state, as elsewhere, that a plaintiff cannot allege negligence in one particular, and on the trial prove and recover upon another, but that, where the complaint specifies the particular act of negligence relied on, the trial must be had on the issues thus made : *Lieuallen* v. *Mosgrove*, 33 Or. 282 (54 Pac. 200). But where the complaint contains a general allegation of negligence, and the defendant, without moving to make it more specific, joins issue, proof of any negligence within the general scope and purpose of the allegation is competent, and may be the basis of a recovery : *Wild* v. *Oregon Short Line Ry. Co.*, 21 Or. 159 (27 Pac. 954). The allegations of the complaint are not very specific or certain, but, by a fair construction, we think they are broad enough to include proof of the failure of the defendant to comply with the provisions of the charter, or of any unreasonable delay in the performance of its duty in that respect.

3.   After alleging that it was the duty of the City of Sellwood and defendant to collect from the various holders of the property abutting on the avenue the several and various sums ascertained to be the cost of making the improvement, it is alleged, in substance, that they have each failed and neglected to perform such duty, and have not collected from the property, or the owners thereof, any money for such·purpose, and are making no attempt to do so.   This is practically and in substance an allegation that the defendent has failed and neglected to provide the fund for the payment of the warrant owned by the plaintiff, and is making no effort in that direction. We are, therefore, of the opinion that the plaintiff was entitled to recover in this case if it appeared that the attempted assessment was in fact void, so that no title could have been conferred upon a purchaser at the sale attempted to be made by the defendant.

4.   It is contended that, in a case of this character, the burden of proof is upon the plaintiff to show that the defendant has failed and neglected to observe the several provisions of the charter authorizing it to raise a special fund for the payment of the cost of the improvement.   As we understand the law, the plaintiff made a *prima facie* case when it gave in evidence the ordinance authorizing the contract with its assignor, the contract itself, with proof that it had been performed and the work accepted by the municipality, the issuance of the warrant, and the failure of the city for four years to provide the special fund out of which it is to be paid.   The burden of proof was then on the defendant to show that its failure to provide such fund was not owing to any neglect on its part in complying with the several provisions of the charter, or in exercising reasonable diligence therein :   *Morgan* v. *City of Dubuque*, 28 Iowa, 575.

5. It is insisted that a recovery cannot be had in this case for the reason that the warrant issued by the City of Sellwood to the plaintiff's assignor does not provide in direct terms that it is to be paid out of the special fund for the improvement of Spokane Avenue. This objection is without merit, because, in the first place, no such defense is made, nor is it claimed that the defendant refused to pay the warrant on that account; and, in the second place, it is apparent from the face of the warrant that it is payable out of such fund, because it is issued in payment of lumber for the improvement of Spokane Avenue, and there is no claim that the city intended to pay for such improvement out of any fund except the one to be raised by assessment upon the abutting property. It follows from these views that the judgment of the court below was right, and must be affirmed.

Affirmed.

Decided 22 May, 1899.