Decided 15 July, 1901.

## HUNTER *v.* GRANDE RONDE LUMBER COMPANY.

[65 Pac. 598.]

FLOATING LOGS—DAMAGE TO RIPARIAN OWNER—NEGLIGENCE.

1.   The right of the public to float logs on a floatable stream is concurrent with
that of the riparian owner, and each is entitled to a reasonable enjoyment of that
right, and before the riparian owner can recover damages for injuries to his land
inflicted by the logger, he must show negligence: *Haines* v. *Welch*, 14 Or. 319, over-
ruled, and *Haines* v. *Hall*, 17 Or. 165, explained.

CONSTRUCTION OF A PLEADING.

2.   Where a riparian owner sued for injuries occasioned by her land being
flooded by the unskillful manner in which defendant floated logs down a stream,
an answer that the logs were deposited on the banks and in the stream along
plaintiff's land under a parol license from plaintiff, is not a plea that plaintiff
consented to the manner in which the work was done.

PROOF OF DUE CARE UNDER GENERAL DENIAL.

3.   In negligence cases defendant may show under a general denial the fact that
due care was exercised; thus, where a riparian owner sued for injuries occasioned

her land by the negligence of defendant in floating logs down the stream, evidence that the defendant exercised due care in banking and driving the logs was admissible under the general issue.

GENERAL DENIAL—PROVING UNCONTROLLABLE EVENTS.

4. In negligence cases the defendant can not prove under the general issue contributing conditions which could not be controlled; thus, where plaintiff, a riparian owner, sued for injuries occasioned her land by the negligence of defendant in floating logs down the stream, evidence that the overflow was caused by a sudden and unusual rise of water was not admissible under the general issue, but should have been specially pleaded.

From Union : ROBERT EAKIN, Judge.

Action by M. C. Hunter against the Grande Ronde Lumber Company. From a judgment in favor of plaintiff, defendant appeals. REVERSED.

For appellant there was a brief over the names of *E. W. Bartlett, James A. Fee*, and *R. J. Slater*, with an oral argument by *Mr. Fee.*

For respondent there was a brief and an oral argument by *Mr. Thomas H. Crawford.*

MR. JUSTICE WOLVERTON delivered the opinion.

The plaintiff is the owner of certain lands through which the Grande Ronde River, a natural watercourse, flows, and she charges by her complaint that defendant well knew the character and capacity of said river for floating logs, and that their transportation therein required great care and skill to prevent them from being carried upon the adjoining lands, but that, notwithstanding such knowledge, it did, on or about February, 1898, wrongfully and negligently place in such river a greater number of logs than could be floated thereby, and did also wrongfully and carelessly fail, neglect, and refuse to keep the channel clear and open, or to prevent the logs from forming jams, or to break the jams thus formed

39 OR.—29.

within the stream along the lands of the plaintiff, and
so negligently, carelessly, and unskillfully banked and
drove said logs down the stream that they dammed it up,
thereby causing the water thereof to overflow its banks,
and flood plaintiff's lands, washing thereon a large num-
ber of said logs and great quantities of sand, gravel,
driftwood, and other debris, to her damage. The answer
puts in issue all these allegations, and sets up affirma-
tively that the Grande Ronde River is a natural water-
course of suitable capacity for floating of logs during the
winter and spring months of each year, and "that logs
placed upon the banks of said stream and in the channel
thereof upon the lands described in plaintiff's complaint
were placed there under parol license, and with the full
knowledge, consent, and approval of the plaintiff and
her agents, and at all of the times mentioned in plaintiff's
complaint plaintiff well knew the quantity of logs in said
pile, as well as the character of said stream, and that
said logs could only be floated down the channel of said
stream after the ice was out of the channel thereof. There-
fore plaintiff is, and ought to be, estopped from claiming
damages on account thereof." A denial of these allega-
tions on the part of the plaintiff completed the issues in
the cause. The verdict and judgment being for plaintiff
upon the trial thereof, the defendant appeals.

1. At the trial of the cause the court adopted the
theory that negligence was not a necessary element of
plaintiff's case, and refused to instruct the jury, at the
request of the defendant, that, before she could recover,
she must establish the fact that defendant was guilty of
negligence in piling the logs within or running the same
down the channel of the stream. In doing this the court
has followed the reasoning employed in *Haines* v. *Welch*,
14 Or. 319 (12 Pac. 502). We are satisfied, however,

after careful consideration, that the doctrine of that case is unsound. Nor is it sanctioned by the later case of *Haines* v. *Hall*, 17 Or. 165 (20 Pac. 831, 3 L. R. A. 609). By the latter it was determined that Anthony Creek—the same stream involved in the former—was not navigable for floating logs. That was the principal question litigated by the former; and the one involving the doctrine here adopted was only incidental, if it may be said to be within the issues. The right of the public to run logs in a floatable stream is concurrent with that of the riparian owner, and each is entitled to the reasonable enjoyment thereof, without unnecessary interference from the other. A reasonable enjoyment signifies such an exercise of the right as common prudence would dictate, so as not to affect correlative or concurrent rights injuriously. This requires care and circumspection in its exercise, and, if injury should be the proximate result of the want of care, liability would logically attach. But the exercise thereof with proper care and without negligence can entail no liability. If it were otherwise, any person using a stream for the purpose of floating logs would become an insurer or guarantor, and be bound at all hazards to guard the riparian owner against loss by reason of the presence of the logs in the stream, and their rights would at once cease to be concurrent; the right of the log owner would subsist in subordination to and by permission of the riparian owner. Mr. Justice GRAVES says in *White River Booming Co.* v. *Nelson*, 45 Mich. 578, 582 (8 N. W. 909, 910), "There is no foundation anywhere for such a doctrine." Ordinarily, if a person is engaged in a legitimate business, he can only be held liable to another for such injuries as result from negligence or want of ordinary care and prudence in the conduct and management thereof, and the rule has equal application to a log owner who is engaged in the exercise of his legiti-

mate rights of running logs within a floatable water-
course. The gist of the plaintiff's action, therefore, is
negligence, and, until a case has been made upon that
theory, she can not recover. Adjudications elsewhere to
this purpose are practically uniform : *White River Boom-
ing Co.* v. *Nelson*, 45 Mich. 578, 582 (8 N. W. 909, 910);
*Carter* v. *Thurston*, 58 N. H. 104 (42 Am. Rep. 584); *Hop-
kins* v. *Butte Com'l Co.* 13 Mont. 223 (33 Pac. 817, 40 Am.
St. Rep. 438); *Lawler* v. *Baring Boom Co.* 56 Me. 443 ;
*Thunder Bay Booming Co.* v. *Speechly,* 31 Mich. 336, 344
(18 Am. Rep. 184); *Witheral* v. *Booming Co.* 68 Mich. 48
(35 N. W. 758, 13 Am. St. Rep. 325); *Field* v. *Apple
River Log Driv. Co.* 67 Wis. 569 (31 N. W. 17).

2. It is sought to estop the plaintiff from recovery by
the plea that the logs deposited upon the banks and in the
stream upon the lands of the plaintiff were so deposited
under a parol license from the plaintiff. It may be pre-
mised that logs, other than those put in upon plaintiff's
lands, were being driven down at the same time. The
plea does not go to the extent of alleging that plaintiff,
either by herself or through her agents, superintended
the placing of such logs ; and the evidence sought to be
introduced to this purpose was, therefore, not competent,
and properly disallowed. The license covers such logs
only as were deposited upon and within the stream upon
the plaintiff's lands, and none other, and, as set up, it
simply extended to the defendant the privilege of bank-
ing and putting logs into the stream upon the lands of
the plaintiff without intendment of regulating the manner
of doing the work. This could not estop the plaintiff
from recovery if the logs were so negligently banked and
piled in the stream as to unnecessarily cause her damage.

3. There was much testimony offered by the defend-
ant, the purpose of which was to show that it exercised

due care in banking and driving its logs, and that the cause of the overflow was a sudden, unexpected, and unusual rise of the water, for which defendant was not accountable. Due care was a matter susceptible of proof under the general issue : *Kendig* v. *Overhulser*, 58 Iowa, 195 (12 N. W. 264).

4.   The conditions contributing to the plaintiff's injury, over which defendant had no control, should, however, have been pleaded, and the proof offered in support thereof was properly excluded from the jury. These considerations reverse the judgment, and the cause will be remanded for such further proceedings as may seem proper.                                        REVERSED.

Decided 15 July, 1901.