### MASTERS v. CITY OF RAINIER.

(District Court, D. Oregon. January 8, 1917.)

#### No. 7186.

1. MUNICIPAL CORPORATIONS ⊂⇒374(1)—PUBLIC IMPROVEMENTS—LIABILITY OF CITY—VOID CONTRACT.

The Oregon rule that a municipality which fails to observe the requirements of its charter in making assessments for street improvements, or unreasonably delays enforcing them, is liable ex delicto to the contractor for the amount of the contract price, though it could not have contracted to pay such amount, does not apply so as to make the city liable for the contract price of such improvements, where it has no power to make such contract except on petition of a majority of the property owners and by ordinance adopted in compliance with certain requirements and there was no sufficient petition or ordinance.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 905, 910; Dec. Dig. ⊂⇒374(1).]

2. PRINCIPAL AND SURETY ⊂⇒187—JUDGMENT—CONCLUSIVENESS—PARTIES.

A suit by a city against a street contractor and his surety to recover for the contractor's default in performance of the contract is essentially against the contractor, or at least against him as well as against the surety, so that the judgment therein was between the same parties as were parties to a subsequent suit by the contractor against the city to recover on the contract.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 554–556; Dec. Dig. ⊂⇒187.]

3. JUDGMENT ⊂⇒738—CONCLUSIVENESS—MATTERS CONCLUDED—VALIDITY OF CONTRACT.

In that suit the validity of the contract under which the work was performed was necessarily in issue, though admitted by the contractor, so that the judgment therein was conclusive against the city as to the validity of the contract in a subsequent action by the contractor to recover the balance due under the contract.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1266; Dec. Dig. ⊂⇒738.]

4. JUDGMENT ⊂⇒713(2)—CONCLUSIVENESS—MATTERS CONCLUDED—UNCONTROVERTED ISSUES.

In an action upon the same claim and between the same parties, a former judgment is conclusive as to any admissible matter which might have been offered to sustain or defeat the claim; but, if the latter action is on a different demand, the previous judgment estops only matters actually in issue or controverted.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1063, 1066, 1099, 1241; Dec. Dig. ⊂⇒713(2).]

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by Charles Masters against the City of Rainier. On demurrer to the replies to defendant's answers. Demurrer sustained to first reply and overruled to second reply.

Robert C. Wright and Beach, Simon &: Nelson, all of Portland, Or., for plaintiff.

Fred W. Herman, City Atty., of Rainier, Or., and Norblad & Hesse, of Astoria, Or., for defendant.

WOLVERTON, District Judge. This is an action to recover on five counts against the city of Rainier. Counts 1 and 3 are based upon separate contracts with the city to construct certain street improvements, for which, it is alleged, as respects the first count, the city agreed to pay Masters the sum of $26,452.40, and as to count 3, $7,-064.40, all of which has been paid in warrants except $2,865 under the first contract and $1,692.40 under the second; the balance in each case being the amount sought to be recovered.

The second and fourth counts are predicated upon the same contracts, and it is thereby alleged that the city agreed to pay plaintiff for extra materials furnished and extra work done in connection with the improvements contracted to be constructed. The amount claimed to be due under the second count is $2,385.15, and under the fourth $2,-352.85.

The fifth count is for certain work done and performed at the request of the defendant amounting to the sum of $346.

In connection with the first four counts, plaintiff has set forth the judgment of the circuit court of the state of Oregon for Multnomah county, heretofore made and rendered in the case of the city of Rainier against Charles Masters, the plaintiff herein, and the United States Fidelity & Guaranty Company, his surety for fulfillment of the contract, as a bar by way of res judicata to defendant's now controverting plaintiff's demands. The case went to the Supreme Court of the state on appeal, was there affirmed, and its mandate sent down and entered in the circuit court.

The defendant, for a further and separate answer to plaintiff's first and second causes of action, sets forth that the petition for the improvement was not made or subscribed by the owners of a majority of all property abutting upon the streets or portions thereof sought to be improved; that said petition was not immediately published as required by section 5, c. 10, of the charter of the city of Rainier, and was not published until March 22, 1909, the said petition having been filed March 15, 1909; that Ordinance No. 118, requiring the police judge to advertise for bids for the improvement, and declaring the expense thereof a charge and lien upon the abutting property, was not passed as required by section 6 of chapter 7 of the city charter, in that the said ordinance was introduced, read a first, second, and third time, and passed all at the same meeting of the common council. The same objection is made to Ordinance No. 133, which authorized the mayor, in behalf of the city, to enter into contract with Masters for making the improvements.

Other matters are alleged, respecting the narrowing of the streets upon which the improvements were made, and the disposition of the warrants issued in payment for the work; but with these we have nothing to do so far as the present controversy is concerned.

For a further and separate answer to plaintiff's third and fourth causes of action, the defendant admits the sufficiency of the petition for making the improvements, but complains that Ordinance No. 119, authorizing the police judge to advertise for bids for making such improvement, and declaring the cost of the improvement to be a lien upon the abutting property, was introduced, read a first, second, and third time, and passed all at one and the same meeting of the common council; and the same is alleged respecting Ordinance No. 133, authorizing the mayor to enter into a contract for making such improvements with Masters. It is further alleged that the common council did not cause immediate notice of the petition to begin, and not until the 22d day of March, 1909, the petition having been filed April 6, 1908.

The same allegations are made in this as in the previous further and separate answer respecting the manner of narrowing the streets and disposing of the warrants issued in payment for the improvement.

The plaintiff, for a reply to the defendant's further and separate answers to plaintiff's first, second, third, and fourth causes of action, sets up: First, that plaintiff was induced to enter into said contracts with the city through representations by the city that the petitions for the improvements in the first instance were sufficient and regular, that the signatures affixed thereto were duly authorized, real, and bona fide, and that the ordinances putting the same into effect were all duly and properly adopted, and that by reason thereof the defendant is now estopped to deny their validity. For a further reply, plaintiff sets up again the judgment made and rendered in the circuit court of the state of Oregon for Multnomah county, in the case of the city against Masters and his surety, and claims that defendant is also estopped to controvert plaintiff's demand as set forth in the first four counts by reason of such judgment. The defendant has interposed a demurrer to these replies, challenging their sufficiency, and the sole questions for decision arise upon the demurrer.

Two questions arise for disposal: One, whether the city is estopped to controvert plaintiff's demands by reason of its having induced the plaintiff to enter into the contracts through its representations that the proceedings of the common council authorizing the contracts were regularly had and duly authorized by charter and ordinance regulations; and, the other, whether the judgment rendered in the case of the city against Masters and his surety constitutes an estoppel or bar to insisting now upon the defenses invoked.

[1] It is settled doctrine of the Supreme Court of Oregon that, where the expense for street improvements is to be paid through assessments upon abutting property, and the municipality fails to observe the requirements of its charter in making the assessments, or is guilty of unreasonable delay in enforcing essential provisions with reference thereto, or in collecting or paying over the funds, the contractor has a right of action against the municipality arising, ex delicto, for the dam-

ages sustained, wherein the amount due under his contract, with interest, is the measure of recovery; and this notwithstanding a provision in the contract that he shall look for payment only to the particular fund to be raised through the special assessments. Jones v. City of Portland, 35 Or. 512, 517, 58 Pac. 657; North Pacific L. & M. Co. v. East Portland, 14 Or. 3, 6, 12 Pac. 4; Commercial National Bank v. City of Portland, 24 Or. 188, 33 Pac. 532, 41 Am. St. Rep. 854; Little v. City of Portland, 26 Or. 235, 37 Pac. 911; O'Neil v. City of Portland, 59 Or. 84, 113 Pac. 655.

The Supreme Court of Iowa is committed to a like doctrine. Ft. D. E. L. & P. Co. v. City of Ft. D., 115 Iowa, 568, 89 N. W. 7.

The defendant insists, however, that, if the contract for doing the work is invalid for failure of the city through its common council to comply with the provisions of the charter touching the making of street improvements, then no duty to make assessments arises, and the contractor cannot recover by reason of the city's neglect or failure to make such assessments, and thereby to collect the funds with which to pay the contractor.

The proposition seems persuasive, and it extends to the power of the city to act at all. Thus it is complained in the one instance that the owners of a majority of all abutting property had not petitioned for the improvement, and in both instances that the common council had failed to pass properly any ordinances establishing the street districts, or authorizing advertisements for bids for letting the contracts, or authorizing the city to enter into contracts with the contractor for doing the work. The charter inhibits the common council from placing on final passage any ordinance until its next regular or adjourned meeting after the meeting at which the ordinance is introduced. In other words, it inhibits the putting of an ordinance on its final passage at the same meeting of the common council at which it is introduced. And it is averred that the ordinances complained of were introduced, read a first, second, and third time, and passed all at the same meeting. In this respect, the mode becomes the measure of the city's power to do anything by ordinance.

It would seem that the city was wholly without power to act at all in the one instance, if it be true, as alleged in the answer, that the owners of a majority of all abutting property had not signed the petition; for it is not claimed that the city has general power to make such improvements. The city was also without power to enter into the contracts unless through valid ordinance passed in manner prescribed by its charter. Grafton v. City of Sellwood, 24 Or. 118, 32 Pac. 1026; City of Astoria v. American La France Fire Engine Co., 225 Fed. 21, 139 C. C. A. 80. The contracts themselves are therefore nullities by reason of the lack of power in the city to consummate them, including the manner of their consummation.

There is a clear distinction between cases where the contract between the city and the contractor is a nullity, and cases where the contract is good but the city fails or neglects to take some steps under the contract itself which it has, expressly or impliedly, undertaken to take. It was so held in Iowa, in the case of Citizens' Bank v. City of Spencer,

126 Iowa, 101, 101 N. W. 643, a well-considered case. There the ordinance passed for doing the work was held invalid because a sufficient number of councilmen did not vote in its favor, or, did not vote for a suspension of the rules, which was treated as the same thing. Hence it was held that the contract was void ab initio. The cause proceeds upon the principle that all persons are bound to take notice of the want of power in the common council to act. This want of power is just as patent to any person dealing with the city as it is to the city itself, and in such a case a contract made with the city acting in excess of its power does not estop the city from denying its validity. Not so where the city has undertaken by valid contract to do something which it fails to perform, for in such event it violates the contract by not performing, and the contractor has a right to rely upon the city's fulfillment of its obligation.

I have been solicitous to ascertain whether, in the Oregon cases above cited, there was presented under the facts a question of want of power by the municipality to act in the first instance. From a careful examination of the facts in each case, I find no such question presented, or at least it is not apparent from the facts stated in any one of them. The holding of these cases is therefore not in conflict with the doctrine of the Iowa case, the principle of which appeals to me as sound, and it is not so considered by the Iowa Supreme Court. I am impelled to the conclusion that the city is not estopped to deny liability under the contract.

The plaintiff controverts this conclusion, and insists that, where a municipality contracts respecting a subject within its general powers and not forbidden it, and defects appear in the petition for or the passage of the ordinances, the municipality will not be permitted to allege its errors thus appearing as a basis for evading payment for work done in good faith, the benefits of which it has received and appropriated, citing as his leading cases in support thereof Bill v. City of Denver (C. C.) 29 Fed. 344; Hitchcock v. Galveston, 96 U. S. 341, 24 L. Ed. 659; and Ward v. Forest Grove, 20 Or. 355, 25 Pac. 1020.

In the City of Denver Case, the learned judge who rendered the decision was careful to premise that the city had the power, under the general provisions of its ordinances, to make a direct contract with the plaintiff for his services, by which contract the city would primarily have been bound. Such is not the case here. I have been cited to no general powers of the city to make street improvements of the nature of those contracted to be made. Its powers in that respect were limited, restricted, and specially defined, and it had no power to act beyond these restrictions. This distinguishes the Denver Case from this one.

So in Hitchcock v. Galveston, the court declared, after referring to certain sections of the charter, that Galveston had plenary authority to construct the sidewalks and to do whatsoever was necessary to that end, and it was in pursuance of that power that it authorized its mayor and chairman of the committee on streets and alleys to enter into the contract in its behalf. But the principal question for decision was whether the contract was rendered wholly void by reason of

its providing that the work done should be paid for in bonds of the city, the issue whereof was not authorized by law. The court held that it was not, and that the other terms of the contract should be enforced, notwithstanding this one provision was void. There is no conflict, therefore, in the doctrine of this case with that of the Iowa case and the conclusion at which I have arrived. Indeed, the case is cited in the Iowa case as supporting the principle there announced.

So in the Ward Case, the city had plenary power 'in the premises, and the controversy was touching the regularity with which it effectuated the employment of the plaintiff.

The demurrer to the first further and separate reply should be sustained.

[2] The next question presented is whether the judgment rendered in the case of the city of Rainier against Masters and his surety is an estoppel and bar to the present action.

I am unable to agree with defendant's counsel that the action was essentially against the surety only. It was against Masters as principal and his surety jointly. No judgment could have been rendered against the surety except upon default of the principal. One of the pertinent issues in the case was whether Masters had so defaulted, and the judgment of the court was against the city, plaintiff. The action therefore was essentially against Masters, rather than against the surety company. At any rate, it was against Masters' as well as his surety. So that cause was between the same parties as are litigating in this.

[3] It may properly be inquired whether this action is upon the same claim or demand as the one litigated in that action. It is not upon the same claim, but the former action so arose as to involve the identical issues for adjudication that are involved in this, except as to the matter of recovery. In that case, the city attempted to recover for default on the part of Masters in his performance of the same contract as it is now sought to recover upon by reason of default on the part of the city. That one cause of action may be said to arise ex contractu, and the other ex delicto, can make' no difference as to the principle involved. In either case relief is or was sought upon the contract, and by reason of its breach by one party or the other concerned. Furthermore, the validity of the contract is and was at issue in each case. Whether contested or not in the former case, the fact remains that its validity was at issue, for otherwise judgment could not have been passed upon the contract.

[4] The rule as to what judgments are a bar or estoppel to the prosecution of another action is very clearly stated in Cromwell v. County of Sac, 94 U. S. 351, 352, 24 L. Ed. 195. In an action upon the same claim or demand, and between the same parties or their privies, the former judgment bars the action, not only as to every matter which was offered and received to sustain or defeat the claim, but as to any other admissible matter which might have been offered for that purpose; but, if the latter action be upon a different claim or demand, the previous judgment estops only as to those matters in

issue or points controverted, upon the determination of which the finding or verdict was rendered.

The principle has been so declared by the Oregon Supreme Court. Glenn v. Savage, 14 Or. 567, 13 Pac. 442; La Follett v. Mitchell, 42 Or. 465, 69 Pac. 916, 95 Am. St. Rep. 780.

Another principle is well stated in Burlen v. Shannon, 99 Mass. 200, 203 (96 Am. Dec. 733), as follows:

"The estoppel is not confined to the judgment, but extends to all facts involved in it as necessary steps or the groundwork upon which it must have been founded. It is allowable to reason back from a judgment to the basis on which it stands, 'upon the obvious principle that, where a conclusion is indisputable and could have been drawn only from certain premises, the premises are equally indisputable with the conclusion.'"

So, "a judgment by default is just as conclusive an adjudication between the parties of whatever is essential to support the judgment as one rendered after answer and contest." Last Chance Min. Co. v. Tyler Min. Co., 157 U. S. 683, 691, 15 Sup. Ct. 733, 39 L. Ed. 859.

And in the same case it is further said:

"A failure to answer is taken as an admission of the truth of the facts stated in the complaint, and the court may properly base its determination on such admission."

Now, one of the issues presented in the action of the city against Masters and surety was whether the contract was regularly made and entered into, which involved its validity. This was admitted by Masters. But whether admitted or contested, the court could not pass judgment without its determination; therefore the judgment becomes res judicata, although the claim, technically speaking, was not the same. Van Valkenburgh v. City of Milwaukee, 43 Wis. 574. It arose, however, out of the same contract, and the validity of that contract was essential to the support of either.

All the principles involved in this case are substantially and ably treated in the case of Board of Com'rs v. Platt, 79 Fed. 567, 25 C. C. A. 87, and the reasoning there applied is manifestly decisive of this. See, also, Caseday v. Lindstrom, 44 Or. 309, 75 Pac. 222.

The case of Savage v. City of Tacoma, 61 Wash. 1, 112 Pac. 78, it seems to me, is without application.

There is this further to be said: The defendant is now assuming a different and inconsistent position from the one it assumed in the former case. Suppose that it had prevailed in the former case, and recovered judgment against Masters and his surety for some part or the whole of the damages demanded, and Masters had paid, then could the city have now been heard to deny the validity of the contract? Assuredly not. But does the case stand in any better light for the city in that Masters was successful? I am inclined to think not. Plaintiff was put to his trial, and incurred the expense of litigation, and for the city now to assume an inconsistent position in this action to defeat Masters' claim under the contract would seem to savor of injustice. There must be an end of litigation, and, unless judgments bind when solemnly declared, it could never be finally determined. It would seem that the city is precluded from insisting that

238 F.—53

such judgment is not a bar to the present action, under the doctrine of quasi estoppel.

But this aside, I hold that the city is barred by estoppel of record. The motion going to the second further and separate reply will be denied.