Argued January 8; affirmed February 11, 1930

## FIEBIGER v. RAMBO

(284 P. 565)

*William G. Smith* of Portland (Collier, Collier & Bernard, and William G. Smith, all of Portland, on the brief) for appellant.

*Frank J. Lonergan* of Portland (Lonergan & Wagner and Neal R. Crounse, all of Portland, on the brief) for respondent.

HAMILTON, A. A. J. In his brief and also in oral argument, the defendant has called the court's attention to the charges of negligence contained in the complaint of plaintiff, as set out in our statement herein. Attention is also called to the following statement contained in defendant's answer:

"That upon reaching said Emerson street defendant proceeded past the center of said intersection and held out his hand, indicating that he desired to make a left-hand turn, and was traveling," etc.

It is argued that the issue as to whether or not the defendant held out his hand in making the left-hand turn just before the accident occurred was injected into the case by the allegation in the answer above quoted and the reply, which denied that allegation. Counsel in that regard states as follows:

"The complaint did not charge at any place that the failure of the appellant to hold out his hand was a proximate cause of the accident or contributed to the accident in any manner. Regardless of the fact that there was an issue created by the pleadings, yet the pleadings are utterly devoid of any claim whatsoever to the effect that the accident occurred by reason of appellant's failure to hold out his hand, nor do they even remotely hint at that fact."

Based upon this ground, counsel urges that the court committed error as set forth in appellant's assignment of error No. 1, which reads as follows:

"The court erred in giving the following instruction, to which an exception was duly taken on the ground that there was no evidence in the case that appellant did not hold out his hand.

"With reference to that, I advise you that the law does not require the blowing of any horn or the giving of a signal as a statutory provision. The law does require every automobile to be equipped with some device for giving an alarm, and it states that that alarm shall be used in attempting to pass other automobiles, but the law does say this, that if a reasonably prudent person in a given situation would sound an alarm, then it would be carelessness not to sound one would be carelessness, or would be negligence not to sound one in that situation, and that is the rule of law you will apply in this case—would it have been the part of a prudent, careful driver, one exercising due care, to have sounded the horn in the situation shown by the testimony in this case? If you say that it would have been the part of prudence so to have done, then you would say the defendant was negligent if you find he did not do that. If you say that there was nothing here that would require a reasonably careful and prudent driver to have sounded an alarm, then it was not negligence to have failed to sound one. The statute does require in turning that you give a timely warning. It states how that shall be made. If you are intending to turn to the left, you should give some timely signal to indicate to the person following you that you are about to turn. The statute seems to indicate that that provision is intended for vehicular traffic, automobiles following you or those approaching you, or those about to pass you; but it is a provision of the statute that is available for whatever benefit it may be to any other person, and in turning at an intersection you may consider the question of whether or not he did give any

signal of the turning, and if he failed to give a signal and that failure was the cause of the damage, if you find there was any, then that would be negligence that would be actionable, and plaintiff would be entitled to recover if he were free from negligence.''

The appellant contends that the only testimony bearing upon the question as to whether or not he held out his hand before making the left-hand turn is his direct testimony, which is as follows:

''Q. And what did you do at that time (referring to the time when appellant reached the intersection of the two streets)? A. I put out my left hand that way, out the window, as a signal to turn to the left.''

■ The proposition of law made by counsel that it is error to instruct the jury upon an abstract question of law about which there is no evidence is a correct one; to assume that there was evidence before them tending to prove a ground of negligence relied upon when there was none would be error.

■ In this cause, the allegation of negligence to which this question relates is as follows:

''That at the time and place of the accident herein, said defendant, carelessly, recklessly and negligently failed to blow any horn or sound any alarm or give any other signal or warning to said plaintiff, of the approach of said automobile.''

The complaint contains a general averment of negligence, yet, the defendant having joined issue without moving to make the pleading more definite, proof of any negligence within the general scope of the allegation is competent: *Wild v. O. S. L. R. Co.,* 21 Or. 159, 165 (27 P. 954); *Jones v. City of Portland,* 35 Or. 512, 519 (58 P. 657); *Kennedy v. Hawkins,* 54 Or. 164 (102 P. 733, 25 L. R. A. (N. S.) 606).

■ The evidence introduced by plaintiff in chief as to whether any signal or alarm was given by the defendant when driving his car as aforesaid is as follows:

"Mr. Lonergan: Was there any horn sounded or alarm sounded at all by the driver of this automobile before it struck? A. There was no signal whatever, no bell or any horn given, or any sound to give one any idea that there was an automobile to be turned there."

The witness did not specifically speak as to whether or not the appellant held out his hand in making the left-hand turn just before the accident, but she did assert that there was no signal whatever given. The court's charge was as to the law governing this phase of the case, the correctness of which is not challenged except in the claim that there was no evidence before the jury warranting an instruction as to that particular matter. In the general statement made by the witness, Anna Fiebiger, that "there was no signal whatever, no bell or any horn given, or any sound to give one any idea that there was an automobile to be turned there," there was placed before the jury evidence tending to support the allegation of negligence contained in plaintiff's complaint. It became the duty of the court, as it did, to define the law applicable. In doing so it was not error to instruct the jury as follows:

"And in turning at an intersection you may consider the question of whether or not he (the defendant) did give any signal of the turning, and if he failed to give a signal and that failure was the cause of the damage, if you find there was any, then that would be negligence which would be actionable, and plaintiff would be entitled to recover if he were free from negligence."

The trial having been free from error, the judgment of the circuit court is affirmed.

COSHOW, C. J., and BEAN and BELT, JJ., concur.