, Submitted on briefs February 4; affirmed with modification
May 27, 1930.

## CHARLES BENNETT *v.* FIRST METHODIST EPISCOPAL CHURCH OF KLAMATH FALLS

(288 P. 1118)

*Rutenic & Yaden* of Klamath Falls for appellant.

*D. E. Van Vactor* of Klamath Falls for respondent.

PER CURIAM. This is a suit to foreclose a mechanic's lien for labor and materials furnished in the construction of a church owned by defendant in Klamath Falls. The contract price for the stone and masonry work was $2,600. In addition to the work under the contract, plaintiff claims, for extras, the sum of $1,449.29. It is alleged by plaintiff that there is a balance of $431 due for the contract work and the sum of $628.94 for extra work and materials furnished, making a total of $1,059.94. Defendant thus states the account:

| | | |
|---|---:|---:|
| Contract price | $2,600.00 | |
| Extras | 1,095.00 | |
| Total | | $3,695.00 |
| Credits on contract | $2,235.95 | |
| Credits on extras | 1,062.35 | |
| Total | | 3,298.30 |
| Balance due | | $ 396.70 |

In arriving at this balance defendant asserts there was due under the contract, after crediting payments, the sum of $364.05, and that for extra work and material furnished there was only due the sum of $32.65. Through inadvertence, however, the defendant tendered into court the sum of $391.20, instead of $396.70.

The trial court held that plaintiff was not entitled to a lien, but entered a decree awarding plaintiff judgment against defendant for the amount tendered, viz., $391.20, and directed defendant to pay certain accounts of materialmen aggregating $142. Plaintiff appeals.

We see no questions of law involved. The balance due under the contract as alleged by defendant, viz., $364.05, is established by the certificate of the engineer, wherein, over the signature of the plaintiff, the account is stated showing the above balance. In the absence of clear and convincing proof of a mistake in this balance, we consider it controlling.

The evidence relative to the extra work and materials is very conflicting. After a careful examination of the record, we see no reason for disturbing the findings of the trial court in reference thereto.

The decree is affirmed with the modification of awarding judgment against defendant for $396.70 and that each party pay its costs and disbursements.