Argued January 6; affirmed January 19, 1932

SYLVIS *v.* HAYS ET AL.

(6 P. (2d) 1098)

*James L. Conley,* of Portland (A. G. Fletcher and Calvin N. Souther, both of Portland, on the brief), for appellant.

*W. H. Maguire,* of Portland (Dey, Hampson & Nelson, of Portland, on the brief), for respondents.

BROWN, J. In support of her appeal the plaintiff invokes section 9-224, Oregon Code 1930, which provides that the evidence adduced upon the trial of a cause shall be confined to the material allegations of the pleadings, and cites the cases of *Woodward v. Oregon Ry. & Nav. Co.*, 18 Or. 289 (22 P. 1076), and *Martini v. Oregon-Washington R. & Nav. Co.*, 73 Or. 283 (144 P. 104). We are in complete accord with the holding in these cases. This question has frequently been passed upon by our court. In *Kennedy v. Hawkins*, 54 Or. 164 (102 P. 733, 25 L. R. A. (N. S.) 606), the rule is stated thus:

"It is always necessary in pleading negligence to allege that some act was negligently done, or that something that ought to have been done was omitted, but it is not necessary to set forth the particular facts that show the act or omission to have been negligent.

*Cederson v. Oregon Navigation Co.,* 38 Or. 343 (62 P. 637, 63 P. 763). But, when a complaint contains a general averment of negligence, and the defendant joins issue without moving to make the pleading more definite, proof of any negligence within the general scope of the allegation is competent. *Jones v. City of Portland,* 35 Or. 512 (58 P. 657).

See the case of *Multnomah County v. Willamette Towing Co.,* 49 Or. 204, 218 (89 P. 389), where Mr. Chief Justice ROBERT S. BEAN, speaking for the court, wrote:

"The averment that the injury to plaintiff's bridge was due to the negligence of defendants was put in issue by the answer, and they were therefore entitled to show affirmatively under their denials that they exercised due care, and that the injury arose from some other cause, such as the act of some person for whom they were not responsible: *Hunter v. Grande Ronde Lum. Co.,* 39 Or. 448 (65 P. 598)."

See, also, *Stamos v. Portland Electric Power Co.,* 128 Or. 310 (274 P. 915); Pomeroy's Code Remedies (5th Ed.), §§ 546, 547.

In *Horn v. Davis,* 70 Or. 498 (142 P. 544), is an extensive discussion relating to the admissibility of evidence where the allegations of the pleadings are put in issue by a general denial. In that case the court, speaking through Mr. Justice RAMSEY, stated its views in the following language:

"The reply denies generally every allegation of the new matter contained in the answer. This denial puts in issue every material allegation of the answer, and made it necessary for the defendant to prove each of such allegations. Under the issues thus formed, the plaintiff had the right to put in evidence any probative facts tending to disprove the material allegations of the answer."

The opinion then quotes from 31 Cyc., p. 687, in part, as follows:

"The general rule is that, under the general issue or a general denial, any evidence is admissible which contradicts or directly tends to contradict the allegations which the plaintiff must prove in order to sustain his case."

In *Peerless Pacific Co. v. Manning*, 89 Or. 691 (175 P. 429), as to the admissibility of certain evidence under the allegations of the pleadings, it was held:

"Evidence offered by Tamiesie upon the question of who was the contractor tended directly to negative the allegation that Manning was the contractor and tended to establish a circumstance or fact which was inconsistent with the allegations in the complaint. We think the instant case conforms with the rule applied in *Horn v. Davis*, 70 Or. 498 (142 P. 544)."

In the recent case of *Fiebiger v. Rambo*, 132 Or. 115 (284 P. 565), appears a valuable discussion of the question of the admissibility of evidence under the pleadings. In that case the appellant urged that the court erred in giving a certain instruction to which the appellant excepted on the ground that there was no evidence in the case that appellant had failed to hold out his hand. In determining the issue there presented, the court said:

"The complaint contains a general averment of negligence, yet, the defendant having joined issue without moving to make the pleading more definite, proof of any negligence within the general scope of the allegation is competent: *Wild v. O. S. L. R. Co.*, 21 Or. 159, 165 (27 P. 954); *Jones v. City of Portland*, 35 Or. 512, 519 (58 P. 657); *Kennedy v. Hawkins*, 54 Or. 164 (102 P. 733, 25 L. R. A. (N. S.), 606)."

Also see 49 C. J., 797, where the editors say:

"It will be observed that as a general rule any evidence is admissible under the general issue which con-

tradicts, or tends directly to contradict, the allegations which the adverse party must establish to sustain his claim, and that under the broader general issues, subject to certain exceptions, evidence of any new matter of defense or avoidance which will defeat the claim asserted is also admissible.''

And, in the absence of a motion to make a general allegation of negligence more definite and certain, ''any evidence which contradicts, or directly tends to contradict, facts which the adverse party is bound or permitted to establish to sustain his claim or defense is admissible under a general denial.'' 49 C. J. 799.

■ The questions involved in this case are procedural in their nature, and all arise out of the reception in evidence of certain matter that was developed in the cross-examination of the plaintiff and one of her witnesses. The plaintiff testified in respect to the position of her car upon the highway at the time she was approaching the intersection where the accident occurred. She swore that she saw the defendant's car nearing the intersection, and testified as to the rate of speed at which the defendants were traveling. Having testified, in effect, as to her view of the intersecting highway, and the movements thereon, she thereby laid the foundation for her cross-examination with reference to her ability to apprehend approaching danger; and if, as appears from the testimony and the exhibits in the case, her view was shut off by obstructions, it was clearly within the right of the cross-examiners to inquire about anything whatsoever which had a bearing upon her competency to delineate the situation surrounding the site of the collision. The questions on cross-examination were proper.

■ The instructions hereinbefore set out were based upon the established conduct of the plaintiff when

approaching the intersection where the accident took place.

Section 1 of chapter 217, General Laws of Oregon, 1927, codified as Oregon Code 1930, § 55-1007, limits the rate of speed of the driver of an automobile to fifteen miles an hour when approaching within fifty feet of and in traversing an intersection of highways, "when at any time during the last fifty feet of his approach to such intersection he does not have a clear and uninterrupted view of such intersection and of the traffic upon all of the highways entering such intersection for a distance of two hundred feet from such intersection."

Based upon this statute and the testimony of record, the trial court was authorized to give defendants' requested instruction set out above. See *Goff v. Elde,* 132 Or. 698 (288 P. 212). It was also authorized, and it was its duty, to refuse to instruct the jury as requested by the plaintiff that, as a matter of law, the speed permitted at the intersection of East Seventh and Weidler streets was twenty miles per hour.

By reason of the plaintiff's own negligence, she cannot prevail. We therefore affirm the judgment appealed from.

BEAN, C. J., CAMPBELL and KELLY, JJ., concur.